**Charles W. DAVIS, Petitioner-Appellant,**

v.

**Barbara Sue DAVIS,
Respondent-Appellant.**

Nos. 42871, 42872.

Missouri Court of Appeals,
Eastern District,
Division No. 3.

April 28, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Joseph J. Dolgin, Clayton, for petitioner-appellant-Charles.

Alan J. Steinberg, Charles L. Ford, Clayton, for respondent-appellant-Barbara.

CRIST, Presiding Judge.

Appeals from the trial court's denial of Charles W. Davis' motion and Barbara Sue Davis' motion to modify their dissolution decree. Charles (hereinafter "father") appeals the denial of his motion to decrease his maintenance and support payments and an award of $1,100.00 attorney fees to Barbara (hereinafter "mother") incurred in the trial court in opposing father's motion and presenting her own. Mother appeals from the denial of her motion to increase her maintenance and support payments. Mother filed a motion in this court for a further allowance of attorney fees pertaining to these appeals.

The parties' marriage was dissolved on September 20, 1976. Mother received custody of their three children, one of whom was emancipated on August 11, 1978. Father was ordered to pay to mother $200.00 a month per child for child support and $400.00 per month maintenance.

Section 452.370 RSMo.1978 sets the stage. It provides "any decree respecting maintenance or support may be modified . . . only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Awards of main-

tenance, support and attorney fees will not be disturbed on appeal absent an abuse of discretion. *In re Marriage of White*, 601 S.W.2d 644 (Mo.App.1980); *Viers v. Viers*, 600 S.W.2d 214, 216 (Mo.App.1980).

Father asserts maintenance should be reduced or terminated because mother became gainfully employed after the dissolution. Her salary had increased from zero to monthly take-home earnings of $632.02.

■ The trial court made a diligent and thorough consideration of the financial status of each party. It made extensive findings of fact. One highlight of these findings was that even after adjustment for maintenance payments, father earned more than twice as much as mother. Father's new wife contributed towards expenses he claimed against his earnings. While father's income had risen slightly, mother's expenses had decreased somewhat. While mother's debt had increased, her equity in her home had risen. The trial court made a very material finding. It found that:

> "[U]pon dissolution of the marriage, it was contemplated that respondent would seek employment considering her monthly expenses of approximately $1,313.00 and the $400.00 [per month] award for maintenance."

We reviewed the trial court's careful study of the comparative finances of the parties. Based on that study the trial court decided there had been no substantial change in circumstances. We agree. See, *Van Luvan v. Van Luvan*, 577 S.W.2d 156 (Mo.App. 1979).

■ Father claims the earnings of his minor son, Charles, make him so self-sufficient as to make the $200.00 monthly child support allocable to Charles unreasonable and excessive. The detailed findings of the trial court show that Charles had been working his way through college. He was solely obligated to pay his tuition of $3,700.00 a year and his expenses of $240.00 a month to purchase and maintain the automobile with which he commuted to school. Charles was meeting these obligations through a combination of a musical scholarship, a state grant, a student loan and his own earnings. He will be required to work 20 to 25 hours a week while attending school full-time. Mother's expenses in supporting their two sons exceeded the amount of child support by $42.00. This supports the trial court's denial of father's motion to decrease child support. We find no abuse of discretion.

■ We will not interfere with an attorney fees award absent a clear showing of abuse of discretion on the part of the trial court. *Hopkins v. Hopkins*, 591 S.W.2d 716, 719–720 (Mo.App.1979). The trial court may award a reasonable amount based on comparative financial positions of both parties. *Eastes v. Eastes*, 590 S.W.2d 405, 409 (Mo.App.1979). The award of $1,100.00 does not shock this court's sense of justice.

■ Mother, for the reasons above stated, failed in her proof. She was not entitled to an increase in maintenance and child support. See, *Plattner v. Plattner*, 567 S.W.2d 139, 142 (Mo.App.1978).

Finally, mother's motion for attorney fees and costs relating to this appeal, is denied.

■ Only the trial court may award attorney fees in connection with dissolution proceedings. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.