**Don EARLY, Appellant,**

v.

**Harriett E. EARLY, Respondent.**

**No. WD 34034.**

Missouri Court of Appeals, Western District.

Sept. 27, 1983.

John W. Dennis, Jr., Independence, for appellant.

Ralph E. Pratt, Independence, for respondent.

Before KENNEDY, P.J., and NUGENT and LOWENSTEIN, JJ.

PER CURIAM:

Former husband filed a motion requesting termination of maintenance payments to wife, who responded with a motion to increase the maintenance award. The Jackson County Circuit Court denied husband's motion and increased the award from $140 to $155 per week. Husband appeals, claiming that the court's order was contrary to the evidence and a misapplication of the law.

The thirty-one year marriage of Don and Harriett Early was dissolved in November, 1978. At that time the gross monthly incomes of the parties were:

| Husband | | Wife | |
|---|---|---|---|
| Post Office | $1272 | Maintenance | |
| Sears | $ 800 | from husband | $560 |
| | $2072 | | |

It was uncontroverted that wife was unable to work because of severe physical disability. She had no functioning kidneys at the time and required dialysis treatments and extensive medical care. In December, 1978, she received a kidney transplant. Her health improved considerably, and she no longer required dialysis treatments. However, she was hospitalized several times due to bladder infections and near rejection of

the transplanted kidney. She developed cataracts as a side effect of her medication and suffered from high blood pressure, nervousness, back and leg pain and bone problems.

Although wife was still disabled, she obtained a part time job in April, 1979, in order to meet her expenses. At the time of the hearing, she was fifty-two with a high school education and no special job training or skills.

Husband found his second job at Sears too exhausting and resigned in November, 1980. He testified that he had arthritis and could not meet the physical demands of the job although he was not under a physician's care for the condition.

At the time of the hearing in June, 1982, the financial circumstances of the parties were as follows:

|  | Husband | Wife |
| --- | --- | --- |
| Gross Monthly Income | $1964.15 | $1114.75 |
| Monthly Expenses claimed |  |  |
| Rent/mortgage payments | 178.00 | 175.00 |
| Utilities | 144.00 | 72.00 |
| Automobile | 345.00 | 125.00 – 150.00 |
| Insurance | 262.00 | 142.25 |
| Food | 175.00 | 125.00 – 150.00 |
| Clothing | 40.00 | 75.00 – 80.00 |
| Prescriptive Drugs | –– | 150.00 |
| Medical Care | 20.00 | –– |
| Dental Care | 10.00 | 10.00 |
| Recreation | 40.00 | 12.00 |
| Laundry/Cleaning | 10.00 | 25.00 |
| Barber/beauty shop | 6.00 | –– |
| Eye care | –– | 10.00 |
| Installment contract payments | 150.00 –– |  |
| Retirement plan | 127.92 | –– |
| Credit union | 54.16 | –– |
| Savings bond | 20.32 | –– |
| Taxes | 360.66 | 174.41 |
| Misc. | –– | 10.00 – 15.00 |
| Maintenance | 560.00 | –– |
| TOTAL | $2503.06 | $1105.66 – 1165.66 |

There is no indication in the record of the amount of taxes wife pays on the maintenance from husband. The amount listed above is the difference between her gross and take-home pay from her part-time job.

In addition, wife owed legal fees of $1386.00 [1] and expected a $91 monthly increase in health insurance costs. There was evidence that wife had $10,000 invested in a certificate of deposit. It is likely that she earned interest on her investment which helped defray her expenses although the amount of her interest was not established at trial.

■ The standard set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976) limits our review. We consider the law and evidence but defer to the trial court's opportunity to have judged the credibility of witnesses, Supreme Court Rule 73.01. In proceedings regarding modification of dissolution decrees, the movant must show changed circumstances so substantial and continuing as to make the terms unreasonable. Sec. 452.370, RSMo 1978.[2]

■ In reviewing the judgment below, we note that neither the increase in the wife's income nor the decrease in the husband's earnings alone justifies or requires a modification of the terms of the award. *Van Luvan v. Van Luvan,* 577 S.W.2d 156, 157 (Mo.App.1979). It must first be determined that a change in the circumstances of the spouse receiving support justifies a modification. *Id.* The record indicates that the increase in wife's earnings has been offset by the increase in expenses largely due to continuing health problems. The fact that wife has obtained a part-time job with take-home pay of $77 per week in order to meet her expenses of over $1000 per month does not reflect changed circumstances as to make the maintenance order unreasonable.[3] *Crews v. Crews,* 607 S.W.2d 709, 711 (Mo.App.1980). Although husband has shown reduced earnings, his circumstances do not require a decrease in or termination of the support award, particularly in light of the fact that he conserves

---

1. She was awarded by the trial court partial attorney's fees of $500.00 against the total amount of $1886.00. The award is not challenged.

2. The statute has since been amended but the pertinent language remains unchanged. Sec. 452.370, RSMo Supp.1982.

3. Without support payments, wife's expenses would exceed her income by over $600 per month.

$202 per month. The evidence amply supports the trial court's refusal to sustain husband's motion.

■ However, wife failed to meet her burden of showing changed circumstances so substantial as to compel an increase. Wife did testify that her health insurance premiums were to increase by $91 in July, 1982. Nevertheless, her ability to meet her needs was enhanced by her part-time job while husband's ability to meet his own needs and those of his former wife has been impaired. The $91 increase in insurance premiums is not a change so substantial as to require an increase in maintenance particularly in view of the husband's monthly deficit. *See Davis v. Davis,* 620 S.W.2d 6, 8 (Mo.App.1981).

That portion of the order increasing the amount of maintenance is reversed and the original award is reinstated. The portion denying husband's motion requesting termination of maintenance is affirmed.