**William Frank CROWELL,
Petitioner–Respondent,**

v.

**Eleanor Sue CROWELL,
Respondent–Appellant.**

No. 14989.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 29, 1987.

---

1. The tax valuation was 21.7% of the market value.

Rebecca McDowell Cook, Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for respondent-appellant.

James M. Hux, Hux & Hux, Sikeston, for petitioner-respondent.

MAUS, Judge.

This action was commenced by the husband's motion to modify to reduce an award of monthly maintenance. The wife then filed a motion to modify to increase an award of child support. The trial court reduced the maintenance and denied an increase in child support. The wife appeals.

The parties entered into a separation agreement on August 10, 1979. The agreement was approved and its terms concerning maintenance and child support were incorporated in a decree of dissolution entered on October 2, 1979. Under those terms the husband was to pay the wife $300 per month maintenance and "said payments shall be increased by $40.00 per month beginning January 1, 1980, and shall be increased by $40.00 per month for each year thereafter; ...." He was to pay child support of $300 per month. He was also to pay medical and dental expenses and maintain certain insurance for the benefit of his son. The husband filed the instant motion on January 2, 1986, at which time he was obligated to pay maintenance of $580 per month.

A hearing upon the motions was held August 15, 1986. A succinct outline of the basic evidence follows. The wife teaches in the elementary school system in Sikeston. In 1979 she earned approximately $12,320. Subsequent to the dissolution she earned a masters degree. In addition, she has accumulated approximately 28 hours toward a

doctorate degree. In 1985 she earned $31,-241.

The husband is employed by Noranda, Inc., an aluminum processor. In 1979, he was promoted to superintendent. The promotion was not disclosed or considered in reaching the separation agreement or during the dissolution proceeding. In 1979 the husband earned $25,000. In 1985 he earned $55,155.12. The husband remarried. He lives with his new wife and her 16–year–old daughter by a prior marriage. His new wife is a supervisor of nurses and in 1985 earned $32,052.80. She receives $150 per month child support for nine months of the year.

Each party presented a written estimate of monthly living expenses. Those monthly expenses for the wife and her son totalled $3,140. Her disposable income was reported to be $2,338.67 per month. She stated that since the dissolution, her son's expenses had increased since he had grown older. She presented no evidence of her expenses or his expenses at the time of the dissolution. She did testify that since the dissolution she had been forced to use savings of $7,000 for living expenses.

The husband's estimate of his monthly living expenses totalled $4,666. This estimate apparently included living expenses of his wife and stepdaughter. His disposable income was reported to be $3,182.34 per month. He presented no evidence of his living expenses at the time of the dissolution.

The wife's basic point is that in reducing maintenance and denying an increase in child support, the trial court misapplied the law and its action is not supported by substantial evidence. The basic rule governing modification of a dissolution decree is statutory. Such a decree can be modified only upon a showing of changed circumstances. § 452.370.1. However, "[n]ot every change of circumstances will justify a modification of the decree." *Markham v. Markham,* 506 S.W.2d 84, 86 (Mo.App.1974). Such changed circumstances must be so substantial and continuing as to make the terms of the prior decree unreasonable. § 452.370.1.

An appellate court will review application of that statutory rule in accordance with well established standards. Those standards include the following. "[T]he legislature in enacting § 452.370 intended to require a stricter standard for modification of a decree of dissolution than was formerly required." *Calicott v. Calicott,* 677 S.W.2d 953, 955 (Mo.App.1984). Also see *Magaletta v. Magaletta,* 691 S.W. 2d 457 (Mo.App.1985). The burden of demonstrating a substantial and continuing change is upon the movant. *Lyles v. Lyles,* 710 S.W.2d 440 (Mo.App.1986). The trial court's judgment shall be sustained unless there is no substantial evidence, the verdict is against the weight of the evidence, the court has erroneously declared the law, or the court has erroneously applied the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

Without stating the nature of the change, the trial court made a general finding there had been a change of circumstances so substantial and continuing as to render the original award of maintenance unreasonable. It adjudged that retroactive to January 2, 1986, the husband should pay the wife maintenance of $300 per month. It made no finding concerning the wife's motion, but denied the same.

To support the reduction of maintenance, the husband's point states the trial court did not err "by decreasing the amount of maintenance payable to appellant when appellant had greater disposable income than respondent, a greater earning potential because of an advanced degree and her expenses were exaggerated and when respondent's income was going to decrease by a minimum of ten percent." To establish the first aspect of this point, by including receipt of maintenance and child support, an anticipated salary increase and income from teaching piano, the husband asserts the wife has disposable income of $2,476 per month. He points out that after deductions he earns $3,182.34. By subtracting maintenance and child support of $880 per month, he establishes his disposable income is $2,302.34, which is less than that of the wife. For two obvious reasons this computation does not establish a change that

causes the husband's payment of the maintenance to which he agreed and which was incorporated into the dissolution decree to be unreasonable.

■ By a separate point, the husband contends the trial court did not err in denying an increase in child support because at the motion hearing the wife failed to show the expenses of child support at the time of the dissolution, as compared to those expenses at the time of trial. This contention has merit. *Bogusky v. Bogusky*, 710 S.W. 2d 445 (Mo.App.1986). The wife's motion for increased child support was properly denied.

■ However, this basis upon which the husband prevails in respect to the motion for child support is equally applicable to his point concerning maintenance. The husband failed to produce any evidence concerning the expenses of the wife or the relative disposable income of the parties at the time of the dissolution. Moreover, at the time of the dissolution, the wife earned approximately $1,000 per month and the husband earned approximately $2,000 per month. After the payment of child support and maintenance, the wife's income was $1,600 per month and the husband's income was $1,400 per month. The evidence does not establish a change in the relative disposable income of the parties.

■ Further, the husband's argument does not establish such a disparity is unreasonable. The increase in the income of the wife does not per se provide a basis for reduction of maintenance. It is but one factor to be considered with others, such as the increase in the income of the husband. Annot., Modification of Alimony Decree, 18 A.L.R.2d 10 (1951). The wife's disposable income must provide a home for two. The husband's disposable income provides for one, unless his new wife and stepdaughter are to be considered. In that event, the new wife's income of $32,052.80 per year must be considered. § 452.370.1. The husband's point concerning disposable income has no merit.

■ The husband's assertion of greater earning potential of the wife and the possible cut in his salary forms no basis for the reduction of maintenance. The wife has not attained her doctorate degree. She has reached the top of the salary schedule for the Sikeston School system. The reduction in the husband's salary as superintendent was a possibility, contingent upon the outcome of future union negotiations that would not directly involve his salary as part of management. In determining maintenance, a court may properly consider future events so certain as to amount to existing circumstances. However, the general rule has been stated:

> Furthermore, in considering whether there has been a change in conditions and circumstances sufficient to warrant a modification of spousal support, the court is limited to a consideration of those conditions existing at the time of the modification proceeding and may not provide for or anticipate future contingencies which may or may not happen.

27B C.J.S. Divorce § 405 (1986). Further, "[t]he policy of waiting until the change has occurred is obviously sensible in view of the fact that many expectations are never realized and that the court might enter an unjust and useless order if it was called upon to undertake the role of a prophet." 18 A.L.R.2d, supra, at 40. The events referred to by the husband may or may not happen and are not a basis for modification.

■ However, the husband's contentions necessarily call into question the automatic increases in maintenance provided in the dissolution decree. As stated, those provisions were in the separation agreement and incorporated in that decree. Provisions for escalation of maintenance or child support are usually tied to some factor such as a cost of living index or percent of income. It has been held that even though "the court could not itself make an award subject to a cost-of-living adjustment, once such an agreement is made, and tendered to the court, § 452.325.4(1), RSMo 1978 obliged the court to adopt the arrangement as part of its decree in the absence of an express term to the contrary." *Desloge v. Desloge*, 617 S.W.2d 486, 489 (Mo.App. 1981). Such contractual provisions incorporated in a dissolution decree have been recognized as valid and enforced as part of the decree. *Payne v. Payne*, 635 S.W.2d

18 (Mo. banc 1982); *Bryson v. Bryson,* 624 S.W.2d 92 (Mo.App.1981). Also see Annot., Escalation Clause in Divorce Decree, 19 A.L.R. 4th 830 (1983). However, as the parties did not expressly preclude or limit the same, the award of maintenance in question is subject to modification. § 452.325.6; *F.W.H. v. R.J.H.,* 666 S.W.2d 910 (Mo.App.1984).

■ No decision dealing with the termination of automatic increases of maintenance has been cited or found. The general requirement of "a showing of changed circumstances so substantial and continuing as to make the terms unreasonable," § 452.370.1, is applicable. The increased income of the wife and the other circumstances of the parties at the time of the hearing establish there is no basis for continued automatic increases in maintenance and such provisions are now unreasonable. Cf. *Smith v. Smith,* 702 S.W.2d 505 (Mo. App.1985); *Martin v. Martin,* 661 S.W.2d 593 (Mo.App.1983).

Finally, the wife urges error because the trial court did not award her an attorney fee. The award of such a fee is generally within the discretion of the trial court. *Wood v. Wood,* 709 S.W.2d 143 (Mo.App. 1986). The circumstances of the wife demonstrate the trial court did not err in denying her request. Cf. *In Re Marriage of Hoglen,* 682 S.W.2d 179 (Mo.App.1984).

The judgment of the trial court denying the wife's motion and request for an attorney fee is affirmed. The judgment of the trial court sustaining the motion of the husband and reducing maintenance to $300 per month is reversed. The decree of dissolution is modified to delete therefrom the said escalation clause. It is further modified to provide the husband shall pay the wife maintenance in the amount of $580 per month.

PREWITT, P.J., and FLANIGAN, J., concur.

HOGAN, J., not participating.