Betty Jean **BALDRIDGE**, Respondent,

v.

Herbert R. **BALDRIDGE**, Appellant.

No. WD 41886.

Missouri Court of Appeals,
Western District.

April 24, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1990.

---

James A. Fluker, Kansas City, for appellant.

Theodore D. Barnes, Independence, for respondent.

Before BERREY, J., Presiding, and TURNAGE and ULRICH, JJ.

ULRICH, Judge.

Mr. Herbert Baldridge appeals from an order denying his motion for modification of a dissolution decree.

A dissolution decree was entered April 17, 1987, ending the marriage of Herbert and Betty Baldridge. The decree ordered Mr. Baldridge to pay $200 per month maintenance to Mrs. Baldridge. On May 5, 1988, Mr. Baldridge filed a motion to modify the decree of dissolution, alleging change of circumstances. The changes asserted by Mr. Baldridge to justify a modification are (1) Mrs. Baldridge's employment after dissolution and (2) his considerable debt incurred as a result of the dissolution.

The court's denial of the motion to modify is reviewed under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Early v. Early*, 659 S.W.2d 321, 323 (Mo.App.1983). The law and evidence are considered in determining if Mr. Baldridge has shown changed circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. § 452.370, RSMo 1986; *Early*, 659 S.W.2d at 323.

The terms of the dissolution decree provided for division of the Baldridges' marital property. Mr. Baldridge received personal items with a value of $300, a $6,900 1985 Ford truck, two other vehicles valued at approximately $750, equipment with a value of approximately $2,800, his retirement plan, half the marital residence, half interest in property in Pettis County, Missouri, and all interest in property in Sullivan County, Missouri.

Mrs. Baldridge received her personal items valued at $500, a vehicle valued at $1,000, a $1,500 boat, half interest in the marital residence, half interest in the Pettis County property, and a cash payment of $5,000 for her interest in the Sullivan County property. The marital residence and Pettis County property were subsequently sold for $48,000 and $3,600, respectively, and the proceeds of those sales were split between Mr. and Mrs. Baldridge. Additionally, Mr. Baldridge owned nonmarital property in Milan, Missouri. The court also took into consideration the debt incurred during the marriage and divided it between the parties.

At the time of his motion for modification of the dissolution decree, Mr. Baldridge's income was approximately $1,085 per month, substantially the same as at the time of the decree. The source of Mr. Baldridge's income was his retirement benefit from Ford Motor Co. In addition to the $200 a month maintenance awarded to her, Mrs. Baldridge had a gross salary of $938 a month from her employment at a grocery store. She received no additional benefits from her employment and paid $364 a month for health insurance. Additionally, she had interest income of $88 a month. While Mrs. Baldridge was working full time, her physician testified that her existing health problems necessitated a need for her to lessen her workload to twenty hours a week.

Mr. Baldridge contends that Mrs. Baldridge's employment constitutes a change in circumstances meriting termination of the maintenance he is required to pay. After a hearing on the motion for modifica-

tion, the court held, "There was no evidence presented to the court by either of the parties suggesting that the original award of maintenance on behalf of the petitioners was considered to be the sole and principal source of her support. The court finds that it was anticipated by the parties and the court that the petitioner would be required to seek employment or other sources of income to supplement the amount of maintenance awarded by the court."

The court's holding is substantiated by both the law and evidence. Considering Mrs. Baldridge's needs, including her health insurance and daily living expenses, it is unreasonable to believe that the trial court intended $200 a month maintenance sufficient to satisfy her needs. Although she received monies from the sale of marital property, it is not necessary that she dissipate her share of the marital property division before she is entitled to maintenance. *Kinder v. Kinder*, 777 S.W.2d 339, 342 (Mo.App.1989); *Arnold v. Arnold*, 771 S.W.2d 914, 916 (Mo.App.1989). Mr. Baldridge has failed to show a change in circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. *Early*, 659 S.W.2d at 323 (the fact that a former wife has become employed does not per se make a dissolution decree mandating maintenance to her unreasonable).

Mr. Baldridge's second contention is that the debts he has incurred as a result of the dissolution amount to a change in circumstances. The debts owed at the time of the dissolution were divided by the court between Mr. and Mrs. Baldridge. Most of the portion of the debts allocated to Mr. Baldridge by the decree had decreased at the time his motion to modify was heard. He failed to show circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. The judgment is affirmed.

All concur.