## In re the Marriage of Ronald Lee FOSTER, Appellant,

v.

## Janice Marie FOSTER, Respondent.

### No. WD 45739.

Missouri Court of Appeals,
Western District.

Dec. 22, 1992.

Marilyn Marcia Shapiro, Kansas City, for appellant.

Michael Chester McIntosh, Independence, for respondent.

Before BRECKENRIDGE, P.J., and SHANGLER and KENNEDY, JJ.

PER CURIAM.

Father complains of court's modification of child support provisions of dissolution

---

decree, by which his monthly child support payment was raised from $208.50 per month to $280 per month, and certain changes made in the proportions in which father and mother bore the child's medical expenses. He also complains of the court's denial of certain modifications requested by himself, as will appear later in the opinion.

Father says mother did not show such a substantial and continuing change of circumstances as to justify upward modification of his child support obligations under section 452.370.1. That section says: "... (T)he provisions of any decree respecting ... support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The salutary intent of this section is not to disturb a child support judgment for slight changes, or temporary changes, in the circumstances of the parties. Circumstances are always fluid, and some parties would continually be in court seeking changes in support and maintenance decrees if small changes or temporary changes would justify some decrease or increase in child support or maintenance. *Crowell v. Crowell*, 742 S.W.2d 244, 246 (Mo.App.1987).

We have read the record closely, and we are persuaded to father's position. We, therefore, reverse the judgment of the trial court and reinstate the child support decree as it was before the modification.

There is one child, a daughter born June 10, 1981. The dissolution decree was dated September 13, 1989. Father filed his motion to modify March 26, 1991. Mother filed a cross-motion to modify, and a hearing was had on August 27, 1991. The order of modification was entered December 3, 1991.

■ Daughter is in the joint custody of father and mother. She spends half her time with father and half with mother. Father is employed by Mantech Environmental and has a monthly gross income of $3,835. At the time of the original decree, his monthly income as a chemist for Allied Signal was $3,600 per month. Mother is employed by St. Joseph's Hospital and has a monthly income of $2,886. At the time of

the dissolution her income was $485 per month less, or $2,401.

We first note that the change in the incomes of the parties does not bring the case within the last sentence of section 452.370.1, which says that a change in the income of the parents which would result in a 20 percent change in the child support indicated by Rule 88.01 will constitute "a prima facie showing ... of a change of circumstances so substantial and continuing as to make the present terms unreasonable."

There is no evidence of any other substantial change of circumstances. Mother submitted a list of school expenses for the child which totalled $308.50 in third grade (1989–90), $339.85 in the fourth grade (1990–91), and $17 preliminary expenses for school supplies for the fifth grade, which had not commenced at the time of the trial. She also listed expenses for art classes and parties totalling $263. She testified to child care expenses of $20 per week during the summer months. There is no showing, however, that these expenses were substantially different than at the time of the original decree. Presumably, the monthly child support payment of $208.50 was intended to cover father's share of such expenses.

Mother also testified to paying $195.82 in medical insurance premiums and medical expenses unreimbursed by insurance, some of which under the original decree were the obligation of father, and some of which were to be shared by father and mother equally. She testified she had never submitted to father any statement of these expenses. She testified to no instance when father had declined to pay anything which it was his obligation to pay under the original decree.

The trial court modified the provisions of the original decree with respect to medical expenses. The original decree provided for father to maintain medical insurance, and to pay any deductible. Mother was to maintain dental insurance. Other medical and expenses were to be borne by the parents equally. After father lost his job at Allied Signal, child was placed on moth-

er's medical insurance. After father got another job, child was kept on mother's medical insurance, and father reimbursed mother the $61-per-month premium. The trial court's modification of the medical expense provision made the following change: It provided that those medical expenses which the original decree had provided were to be shared equally by the parents, were to be paid 57 percent by husband and 43 percent for wife. Mother testified she had herself paid $66 in out-of-pocket medical expenses, plus the cost of prescriptions, then added: "... I chose to absorb the cost rather than to have to deal with him to bring up the matter."

The only change in circumstances of any consequence at all since the original decree was the increase of the cost of child's medical insurance premium from $38 per month to $61 per month, but that increased cost—payable by father, both under the original decree and under the modified decree—supports no upward modification in father's child support obligation.

Father says the court erred in denying his own request that the mother be ordered to pay half the medical insurance premium and half the deductible, which under the original decree he had been required to pay in full. This modification is indicated, he says, by the increase in the premium cost (from $38 per month to $61 per month), and by the fact wife's income has increased by $485 per month. This modification was rejected by the trial court, as we have noted, and we think the trial court's refusal to make this modification is amply supported by the evidence.

▪ Father says the court erred in failing to allow the abatement of one month's child support during a month when father was unemployed (although he was drawing unemployment compensation in an amount not disclosed by the record), and that the court failed to provide for future abatement of child support if the father should be involuntarily unemployed. These ideas are unsupported and insupportable. The trial court actually made no ruling on these requests. Upon remand, the court's judgment should expressly deny them.

The judgment of the trial court is reversed in part and affirmed in part, in accordance with the foregoing opinion. The case is remanded for the entry of a new judgment denying both parties' motions for modification of the dissolution decree, and reinstating the original decree.

Mother's motion for damages for frivolous appeal is denied.

Costs of appeal are assessed against parties equally.

All concur.