Lloyd V. McKINNEY, Petitioner–
Appellant,

v.

Diane McKINNEY, Respondent.

No. 19363.

Missouri Court of Appeals,
Southern District,
Division Two.

May 2, 1995.

Motion for Rehearing or Transfer to
Supreme Court Denied May 24, 1995.

Application to Transfer Denied
July 25, 1995.

John S. Pratt, Pratt, Fossard & Rahmeyer, Springfield, for petitioner-appellant.

C. Ronald Baird, Mark J. Millsap, Dorr, Baird and Lightner, P.C., Springfield, for respondent.

**CHARLES B. BLACKMAR**, Senior Judge.

Lloyd McKinney sought modification of a decree of dissolution so as to eliminate maintenance payments. The trial court denied him relief and he appeals, grieving the refusal to modify and the award of attorneys' fees to his former wife Diane. We affirm the trial court in all respects.

The parties were married on February 5, 1968. Their marriage was dissolved on July 20, 1983. Diane was then 40 years old. She was awarded custody of their two children, aged 12 and 10. The trial court awarded her marital property of a value of $84,500, $400 per month per child for child support, and $1200 per month maintenance. Lloyd's annual income was $95,000. He was awarded marital property of a value of approximately $71,000. His nonmarital stock in his family business corporation then had a value of $200,000. Diane had been a teacher before her first child was born but had stopped working after she became pregnant and cashed out the accumulation in her retirement account. Lloyd's counsel brought out at the dissolution hearing that she had a lifetime teaching certificate. She told the court at that hearing that she did not intend to resume teaching, but rather chose to remain home with her children.

In 1986 the children, with the apparent agreement of all concerned, ceased to live with Diane and moved in with Lloyd and his new wife. Lloyd ceased child support payments at this time, with the assent of Diane. The maintenance payments continue. We agree with the trial court that Lloyd's assumption of all expenses relating to the children is of no significance in ruling the motion to modify. Maintenance is designed to provide for Diane's needs, and the terminated child support payments for the children's. *Markowski v. Markowski*, 736 S.W.2d 463 (Mo.App.1987).

Diane resumed teaching in 1985 and completed the requirements for her master's degree. She is now a tenured teacher with a salary of approximately $26,000. Her assets have increased from $84,000 at the time of the dissolution to $103,000 net, with a substantial portion of the increase being attrib-

utable to her sale of the residence awarded her and purchase of a condominium unit. She has taken steps to repurchase her retirement benefits, and contributes to a supplemental retirement program to make up ground lost during her 15 year absence from the school system. She also has a savings account of approximately $15,000 as a safeguard against emergencies. She owes $10,000 secured by deed of trust on her condominium.

Lloyd has prospered since the dissolution. He is now the majority stockholder in a successful business, and heir apparent to the remaining shares. His salary is $150,000 per year, with substantial fringe benefits. As CEO he is in a position to determine the amount of his salary. His present wife receives a salary of $50,000 from the business. He also receives dividends, under pressure from his CPA. A financial statement placed his net worth at $2,200,000.

Lloyd argues that Diane's employment constitutes a substantial change of circumstances justifying modification of the decree. He asserts that her income is adequate to provide for her needs and that she is using the maintenance payments as a device for accumulating capital. He points to numerous cases holding that the purpose of maintenance is to provide for demonstrated needs and not to permit the recipient to build an estate, adducing *Cates v. Cates*, 819 S.W.2d 731 (Mo. banc 1991), as the latest word from the Supreme Court on the considerations governing maintenance awards.

■ Section 452.370.1, RSMo1986, permits modification of maintenance payments "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The cases emphasize this mandate, holding that "[n]ot every change of circumstances will justify modification of a dissolution decree." *Mendelsohn v. Mendelsohn*, 787 S.W.2d 321, 323 (Mo.App. 1990); *In re Marriage of Bell*, 720 S.W.2d 33, 34 (Mo.App.1986). These cases indicate that further recourse to the courts in the form of motions to modify should be appropriate only in unusual situations. Most of the cases cited in Lloyd's brief involve appeals from dissolution decrees, and are of very limited utility in proceedings such as this one. A motion to modify should not be used as an appeal from the initial decree of dissolution.

Of the cases cited by Lloyd, only in *Reeves v. Reeves*, 803 S.W.2d 52 (Mo.App.1990), was the trial court reversed for failing to modify a maintenance award. There the husband's gross income had been reduced from $100,000 to $60,000 by reason of his retirement, while the wife's earnings had increased from $6200 to $40,000 and she was steadily employed. The court of appeals held that, by reason of the changed circumstances, the payment of $1000 per month for maintenance was unreasonable, and remanded the case for determination as to whether maintenance should be terminated or reduced. The case differs from this one in that there the husband suffered a substantial reduction in income, whereas Lloyd has prospered.

In *Markowski v. Markowski, supra,* the trial court eliminated maintenance for a woman on a finding that she had made no substantial effort to secure work. See also *Beeler v. Beeler*, 820 S.W.2d 657 (Mo.App. 1991), in which the court relied on a dramatic increase in the wife's financial resources, and her unwillingness to seek full-time employment. Diane appropriately returned to the work force after her children no longer needed her constant attention.

■ It is often said that the mere circumstance of the wife's resuming work does not necessarily indicate modification. In *Crowell v. Crowell*, 742 S.W.2d 244, 247 (Mo.App. 1987), the court held that "The increase in the income of the wife does not per se provide a basis for reduction of maintenance. It is but one factor to be considered with others, such as the increase in the income of the husband," and reversed the trial court's reduction in the maintenance award. There the wife earned $12,000 at the time of the decree in 1979 and $31,200 in 1985. The husband's income increased from $25,000 to $55,000 between those years. The case presents some similarities to this one.

There was also a reversal in *Calicott v. Calicott*, 677 S.W.2d 953 (Mo.App.1984), in which the trial court had reduced a maintenance award. The court at page 956 ob-

served that a reduction was not necessarily in order simply because a previously unemployed wife had gone to work. There the dissolution judge expressed the thought that the wife would resume work at some time in the future, whereas, as Lloyd points out, Diane expressed her intention of not working. The present trial judge appropriately observed that Diane's likely return to the work force after her children no longer required her constant attention was clearly foreseeable at the time of dissolution. The children would undoubtedly be on their own long before she reached normal retirement age. It is not reasonable to expect that she would elect to remain unemployed for the rest of her life, considering her established skills and training and her very limited resources.

In *Magaletta v. Magaletta*, 691 S.W.2d 457 (Mo.App.1985), the husband's income decreased from $112,800 to $69,900 between 1978 and 1983, whereas the wife's income increased from zero to $11,460 during that period, in which she completed her bachelor's degree and went to work teaching school. The court found that his motion for modification was properly overruled. That case is stronger for modification than this one, in which there is no question of hardship on Lloyd.

■ Contrary to Lloyd's argument in this court, the cases uniformly hold that the husband's ability to pay is an important consideration in determining whether reduction of maintenance is appropriate. *Fulp v. Fulp*, 808 S.W.2d 421 (Mo.App.1991); *Halliday v. Boland*, 813 S.W.2d 34 (Mo.App.1991); *Calicott v. Calicott, supra.*

■ Enough has been said to demonstrate that the trial court did not abuse his discretion in denying the modification. A contrary holding, indeed, might very well be subject to reversal on the authority of *Crowell* and *Calicott, supra.* The evidence shows that Diane does not live extravagantly. She should not lose her maintenance, initially decreed without limit, simply because she has been able to supplement her retirement. The savings could be wiped out by a stretch of disability, or substantially consumed if she elected to replace her 1987 car. An impor-

tant consideration is that she is not covered by social security, which supplements the income of most retirees. Also of interest is that Lloyd apparently had no retirement plan related to his employment, of which Diane might have claimed a share at the time of the dissolution. Provision for retirement is an ordinary and prudent use of resources. Nor should Diane's every expenditure be subject to the court's scrutiny, as Lloyd seems to suggest. We agree with the trial court's characterization of the complaint about her falling behind in her church contribution after listing it as an expense as "nitpicking." For one thing, she has been under the threat of elimination of her maintenance since October 7, 1991, with a request that the elimination be retroactive. She could well perceive the need to maintain flexibility until the matter was settled. The trial court's ruling is abundantly supported on the face of the entire record.

■ The award of attorneys' fees, furthermore, is well within the boundaries of § 452.355.1, RSMo1986. The court's mention of "disparities in income and the fact that [Diane] has prevailed" does not support the conclusion that he did not consider "all relevant factors." The contrary, rather, is presumed. *Ederle v. Ederle,* 741 S.W.2d 883 (Mo.App.1987). The only circumstance highlighted in the statute is "the financial resources of both parties," and that circumstance weighs heavily in favor of affirmance. The court could also consider the circumstance that Lloyd haled Diane before the circuit court and sought review in this court on a claim which lacks substantial support in the case law.

The order appealed from is affirmed.

PREWITT and PARRISH, JJ., concur.