Jerry E. THEILEN, Respondent,

v.

Virginia D. THEILEN, Appellant.

No. WD 50818.

Missouri Court of Appeals,
Western District.

Dec. 12, 1995.

Michael P. Keleher, Keleher & Eastman, Gladstone, for appellant.

John R. Shank, Jr., James A. Kessinger, Gunn, Shank & Stover, P.C., Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVER STITH, JJ.

ULRICH, Judge.

Virginia D. Theilen appeals the trial court's order modifying the maintenance award she received in the 1991 dissolution decree terminating her marriage to Dr. Jerry E. Theilen. She claims the court erred in reducing the amount of maintenance Dr. Theilen is required to pay her based on her increased income from employment and from marital property apportioned her in the original decree. She also claims error in the trial court's apparent consideration of the award of attorney fees as reducing her monthly expenses as a factor in modifying the maintenance.

The portion of the judgment reducing the amount of maintenance is reversed. The judgment is affirmed in all other respects.

The parties' marriage was dissolved on November, 15, 1991. Dr. Theilen was awarded his interest in three business ventures and the marital home. He was ultimately required to pay Ms. Theilen the sum of $137,000 as part of the property division determined by the court on remand after appeal of the divorce decree. *Theilen v. Theilen*, 847 S.W.2d 116 (Mo.App.1992). This amount was to come from the sale of the marital home with the provision that if it were not sold within 180 days, then the $137,000 was to be paid in $2,000 monthly installments with interest until paid in full. Additionally, Dr. Theilen was ordered to pay $1,040 per month in child support and $800 per month in maintenance.[1]

1. Dr. Theilen challenged the award of $800 maintenance in the first appeal before this court,

Ms. Theilen appeals the reduction of maintenance from $800.00 per month to $350.00 per month. She claims that the trial court erred when it based its decision on her income and marital property that had been apportioned to her, in that these factors were considered in the original award of maintenance and, therefore, no substantial change of circumstance exists. Reversal of a modification order is only appropriate when not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Habig v. Gohagan*, 890 S.W.2d 732, 735 (Mo.App.1995).

For a modification to be appropriate the movant must establish changed circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable. § 452.370 RSMo Supp.1995; *Campbell v. Campbell*, 825 S.W.2d 319, 321 (Mo.App.1992); *Baldridge v. Baldridge*, 789 S.W.2d 816, 817 (Mo.App.1990). The burden is upon the movant to establish both of these factors. *Crowell v. Crowell*, 742 S.W.2d 244 (Mo.App.1987).

The trial court's conclusion that circumstances had substantially changed since the original decree was based on four findings of fact. The court found (1) the businesses awarded to Dr. Theilen at the time of the dissolution were currently providing him with substantially the same or similar disposable income that they provided at the time of the dissolution; (2) Ms. Theilen received as part of the property distribution substantial assets that are earning interest; (3) Ms. Theilen was capable of working 40 hours per week at $6.00 per hour resulting in income of $1,040 per month; and, (4) Ms. Theilen's current savings of $45,000, yielding 6% interest produces $225 per month as interest income. These findings constitute insubstantial change of circumstances to support modification of the support provision of the original decree.

The court originally awarded maintenance knowing what the property settlement entailed. In fact, when the $800 award of maintenance was made, the trial court be-

but the award was affirmed. *Theilen,* 847 S.W.2d 116 (Mo.App.1992).

lieved Ms. Theilen would receive a greater distribution of property than was ultimately determined appropriate following remand of the case after appeal by this Court.[2] Income from the property the wife received because of the decree was foreseen when the decree was entered. *Vance v. Vance*, 852 S.W.2d 191, 193 (Mo.App.1993). Change entails a departure from prior known conditions. *Fulp v. Fulp*, 808 S.W.2d 421, 423 (Mo.App. 1991). Therefore, the reasonably foreseeable income produced as a result of the assets Ms. Theilen received in the dissolution decree does not constitute a change that supports modification of the maintenance provision of the decree.

■ The only remaining consideration to justify a substantial change of circumstance is the wife's income from wages. At the time of the dissolution decree, Ms. Theilen was working part time at the rate of $5.50 per hour. The court imputed income to her in the amount of $960.00 per month. She currently attends school full time and works part time. Ms. Theilen earns $6.00 per hour which translates into imputed income of $1,040 per month based on a 40–hour work week. This results in an eighty dollar increase in Ms. Theilen's income since the decree was filed. While an increase in the wife's income is a factor to be considered, it does not per se provide a basis for reduction of maintenance. *Crowell*, 742 S.W.2d at 247.

■ The husband's ability to pay is an important consideration in determining whether reduction of maintenance is appropriate. *McKinney v. McKinney*, 901 S.W.2d 227, 230 (Mo.App.1995). While Ms. Theilen's income has increased slightly, Dr. Theilen's income has remained constant. His income is still approximately six times greater than Ms. Theilen's imputed income. This disparity of incomes was a substantial factor in supporting the original maintenance award of $800 per month. *Theilen*, 847 S.W.2d at 124. In *Davis v. Davis*, 620 S.W.2d 6 (Mo.App. 1981), even after adjustment for maintenance

payments, the husband earned twice as much as the wife. The increase in wife's salary from $0 to $632 per month and the decrease in her expenses did not create a substantial change of circumstances. *Id.* at 8.

In this case the wife is working part time while she completes her education. Once completed, she should be more able to become self-supporting, and at that time the facts may justify reduction or termination of maintenance. However, under the present facts there has not been a change in circumstance so substantial and continuing as to warrant modification of the decree.

This finding renders Ms. Theilen's second point moot, and therefore, it is not addressed.

The portion of the judgment reducing the maintenance is reversed. The judgment is affirmed in all other respects.

All concur.

---

2. In the original decree Dr. Theilen was ordered to pay Ms. Theilen $166,226.00 as part of distribution of marital property. This amount was determined in part by the valuation of three business ventures Dr. Theilen was awarded. On

appeal, the method of valuation was found to be error and this court remanded the case. On remand the values of the businesses were altered resulting in a change in the amount of distribution to Ms. Theilen to $137,521.77.