**Frances M. REITER, Appellant,**

v.

**Larry G. REITER, Respondent.**

**No. WD 74350.**

Missouri Court of Appeals, Western District.

Aug. 7, 2012.

Brad Grill, Kansas City, MO, for Appellant.

Jacob A. Pruett and Scott L. Campbell, Platte City, MO, for Respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, and KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges.

KAREN KING MITCHELL, Judge.

Appellant, Frances Reiter (Wife), appeals the trial court's order modifying its original decree of dissolution of marriage. The order terminated previously ordered maintenance payments of $2,000 per month from Wife's former spouse, Larry Reiter (Husband). She also appeals the trial court's order denying her request for attorney's fees. We affirm.

## Factual Background

Husband and Wife were married June 24, 1983, in Kansas City, Missouri. Husband and Wife ceased living together about April 10, 2003, and separated about August 19, 2003.

Husband owns his own business called Larry G. Reiter, Inc. d/b/a Central States Claims Service (CSCS). Prior to the separation, Wife worked at CSCS doing bookkeeping and secretarial work. After the separation, Husband terminated her employment with CSCS. After being terminated from her job, Wife returned to school and obtained her associate degree from the Metropolitan Community College in Kansas City, Missouri. She then began pursuing a bachelor's degree at DeVry University. At the time of dissolution, she was a full-time student and unemployed.

Husband still owns and is working for CSCS. At the time of dissolution, Husband's gross income was $192,000 per year. At the same time, Wife's reasonable needs and expenses amounted to approximately $2,490 per month. At the dissolution trial, Wife testified that her intention

was to finish school so that she could become self-sufficient but that she needed to attend school full time and not work in order to do so. Wife testified that, although her intention was to become self-sufficient once she completed school, she was not sure how long it would take for her to become so, even after graduating. Wife requested $2,000 in monthly modifiable maintenance.

The court found that the marriage was irretrievably broken and ordered the dissolution. The court also found that Wife did not have sufficient property to provide for her reasonable needs and that she was unable to support herself through appropriate employment. The court awarded her modifiable maintenance of $2,000 per month. Husband appealed the grant of maintenance, and this court affirmed the trial court's order. *Reiter v. Reiter*, 208 S.W.3d 351, 352 (Mo.App. W.D.2006).

On June 15, 2010, Husband filed a motion to modify the dissolution decree in order to terminate or reduce the original maintenance award. Husband alleged that there existed substantial and continuing changes of circumstances rendering the prior award unreasonable. Specifically, he alleged the following changes since entry of the original dissolution decree:

(a) Husband had serious health issues;

(b) Husband's income decreased by approximately 50%;

(c) Wife graduated from college with a degree;

(d) Wife had obtained full-time employment with the Internal Revenue Service since graduation;

(e) Wife obtained a substantial increase in income since the dissolution;

(f) Wife owned two unencumbered homes; and

(g) Wife had adequate resources to support herself.

In response, Wife acknowledged that she had graduated from college with a degree and that she was then employed with the Internal Revenue Service, though she described her employment as "seasonal." Wife further acknowledged that she had recently acquired the home of her deceased brother from his estate and that she resided in the marital home, which was unencumbered and which had been awarded to her at the time of dissolution. Wife denied any substantial increase in income and denied that she had adequate resources to support herself. Wife requested that Husband's motion to modify be denied and that she be awarded her costs and attorney's fees related to the modification motion.

At trial, Husband testified that, since the dissolution, Wife had obtained a bachelor's degree and full-time employment with the IRS, where she was earning approximately $35,000 per year. Husband also testified that Wife had a home worth approximately $200,000, as well as a half-interest in a home worth $63,000, neither of which were encumbered with any debt.

Wife testified that her current annual wages were $31,676 and that she had been receiving $24,000 per year in maintenance from Husband. She indicated that these were her only sources of income. Wife acknowledged that she had obtained her degree and full-time employment, but she indicated that her job was seasonal, though she had been employed with the IRS for nearly three years. Wife also acknowledged inheriting a half-interest in her deceased brother's home, valued at $63,000, making her interest $31,500. Wife testified that she currently owned a vehicle, but she still owed approximately $17,000 on it. And, absent the maintenance payments, she had a monthly income of approximately $2,704.

Following trial, the court entered a judgment terminating Husband's maintenance obligation, finding that the following substantial and continuing changes rendered the prior obligation unreasonable:

a. Petitioner's income has increased from $0.00 per month to $3,300.00 per month according to Petitioner's Exhibit 3;

b. Petitioner has graduated from college and has a Bachelor's Degree;

c. Petitioner has obtained full-time employment with the Internal Revenue Service;

d. Petitioner owns substantial unencumbered assets; and

e. Petitioner has adequate resources to support herself.

The court also denied Wife's request for attorney's fees. Wife appeals.

## Legal Analysis

Wife raises two claims on appeal: first, she argues that the trial court erred in terminating Husband's maintenance obligation; and second, she argues that the trial court erred in denying her request for attorney's fees. We affirm.

*A. Substantial evidence supported the court's modification order.*

Wife first argues that the trial court erred in terminating the prior maintenance order in that there existed no substantial and continuing changes rendering the prior award unreasonable. Wife claims that the trial court's contrary conclusion was not supported by substantial evidence insofar as

[1] there was a lack of substantial evidence that the husband's income from his business had been significantly reduced, that any reduction in income would be continuing, or [2] that the wife's increase in income from employment was a change in circumstances

from what had been considered by the court when the decree of divorce was entered.

We disagree.

■ We will not reverse a modification order unless it is unsupported "by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *Theilen v. Theilen,* 911 S.W.2d 317, 318 (Mo.App. W.D.1995).

■ "For a modification to be appropriate[,] the movant must establish changed circumstances so substantial and continuing as to make the terms of the dissolution decree unreasonable." *Id.* "The burden is upon the movant to establish both of these factors." *Id.*

The first flaw in Wife's argument is that the trial court did not find that Husband's decrease in income constituted a substantial and continuing change in circumstances. Rather, the court found that Wife's circumstances constituted substantial and continuing changes, rendering Husband's maintenance obligation unreasonable. Thus, Wife's focus on whether the evidence supported any continuing reduction in Husband's income is misplaced.

■ The second flaw in Wife's argument is that there was substantial evidence supporting the trial court's finding that there existed substantial and continuing changes in circumstances rendering the prior decree unreasonable. An increase in the receiving spouse's income—though a factor to be considered—"does not per se provide a basis for reduction of maintenance," *id.* at 319; rather, the increase must render the prior decree *unreasonable.* In determining whether an increase in income renders the prior decree unreasonable, the court may consider a number of factors, including the purpose of the award of maintenance and the current financial needs of the receiving spouse. An

increase in Wife's income was not the only basis for the trial court's order in this case. The trial court found five substantial and continuing changes in circumstances justifying the termination of Husband's maintenance obligation. Those changes were that Wife had: (1) increased her monthly income from $0.00 to approximately $3,300; (2) obtained a bachelor's degree; (3) acquired full-time employment; (4) possessed substantial unencumbered assets; and (5) achieved the ability to support herself.

Wife argues that changes that were foreseeable or known at the time of the original award cannot support modification; she asserts that obtaining her degree and subsequent employment (with its corresponding increase in income), along with the value of assets she was provided at dissolution, were all foreseeable or known when the maintenance award was entered and, therefore, cannot serve as the basis for the modification.

■■■ We agree with Wife that "[c]hange entails a departure from prior known conditions," and that the value of assets awarded at the time of dissolution do not constitute a change in circumstance and, thus, cannot serve as the basis for a modification. *Id.* at 319 (holding that wife's receipt of income from property awarded in dissolution decree was foreseen when decree entered and, in fact, was one of the considerations in the division of property; thus, it did not constitute a change in circumstances). But the fact that she was enrolled in a degree program at the time of dissolution and had expressed a desire to become self-sufficient through post-graduation employment does not mean that the evidence about her future earning capacity was sufficiently certain to persuade the trial court in its original maintenance award. *See Rustemeyer v. Rustemeyer,* 148 S.W.3d 867, 871–72 (Mo.App. E.D.2004) (holding that wife's earning capacity was uncertain and not foreseeable despite wife's stated intent to obtain employment after finishing her bachelor's degree for which she was taking classes at the time of dissolution). Had the evidence been sufficiently certain that Wife's educational pursuits would permit her to become self-sufficient within the foreseeable future, the trial court could have limited the duration of the original maintenance award. *See Barth v. Barth,* 372 S.W.3d 496, 506–08 (Mo.App. W.D. 2012) (holding award of limited duration maintenance authorized where evidence shows circumstances of parties would likely change in the future permitting recipient to be self-supporting). The trial court did not do so. In fact, we noted in our memorandum on Husband's appeal of the original maintenance award that the evidence that Wife would receive a degree was not sufficiently certain to persuade the trial court of her future earning potential in setting the amount or duration of her original maintenance award. It follows that once Wife actually received her degree, a change occurred in the circumstances considered by the trial court in its original award of maintenance. "Generally, '[m]aintenance should not be conditioned upon happenings in the future,' [but] an exception exists when 'evidence shows the circumstances of the parties would likely change in the future.'" *Green v. Green,* 341 S.W.3d 893, 896 (Mo. App. W.D.2011) (quoting *In re Marriage of Hall,* 801 S.W.2d 471, 472–73 (Mo.App. S.D.1990)). Thus, "[c]ourts can award rehabilitative [or limited] maintenance where a party needs further training or education to become self-supporting." *Isakson v. Isakson,* 277 S.W.3d 784, 786 n. 2 (Mo.App. S.D.2009).

Wife's circumstances have now changed. She has obtained a substantial increase in income (well above what she found suffi-

cient to support herself when requesting a maintenance award of $2,000) and gainful employment, and because of these accomplishments, she has achieved her stated goal of self-sufficiency. The evidence at trial fully supports the trial court's determination that Wife's changes in circumstances were both substantial and continuing and that they rendered the prior maintenance award unreasonable.

Wife alternatively argues that even if the court's finding of substantial and continuing changes was correct, it nevertheless erred in terminating, rather than simply reducing, the maintenance award. Her argument is based upon the relatively high standard of living the couple enjoyed during the marriage and the continuing sizeable income disparity between herself and Husband. The standard of living the couple enjoyed during the marriage is a factor that must be considered in dividing property and awarding maintenance during the *original* dissolution proceeding. § 452.335.2(4).[1] If Wife believed that, in awarding maintenance, the prior dissolution decree did not properly consider the marital standard of living, she could have challenged the amount of the award. She did not. In fact, it was Wife who requested an award of maintenance in the amount of $2,000 per month. A motion to modify is not the appropriate juncture to litigate issues that should have been raised at the time of dissolution. Rather, as stated *supra*, the issue before this court is whether there has been a change in circumstance "so substantial and continuing as to make the *terms* of the dissolution decree *unreasonable.*" *Theilen,* 911 S.W.2d at 318 (emphasis added). By its terms, the court's original maintenance award was entered because Wife was not then able to support

herself and because she needed monetary support while she continued her education full time. Because Wife is now self-sufficient, independently earning approximately one and a half times the original maintenance award, by its own terms, the prior decree is no longer reasonable, and termination was appropriate.

Point I is denied.

*B. The trial court acted within its discretion in denying Wife's request for attorney's fees.*

In her second point, Wife argues that the trial court abused its discretion in denying her request for attorney's fees. The crux of her argument is the gross disparity in the parties' respective incomes; she argues that Husband has a much greater ability to pay, and because he brought the motion, he should foot the bill. We disagree.

Generally, parties are responsible for paying their own attorney's fees. *Alberswerth v. Alberswerth,* 184 S.W.3d 81, 93 (Mo.App. W.D.2006). Section 452.355.1 permits, but does not require, a trial court to award attorney's fees to one party. *Id.* The trial court has very broad discretion in its determination to order one party to pay the attorney's fees of the other party. *Id.* We will overturn the trial court's decision in this regard only if we find an abuse of this discretion. *Id.* The complaining party has the burden to show an abuse of discretion by demonstrating that the award is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful deliberation on the matter. *Id.*

1. Statutory citations are to RSMo 2000, as updated through the 2011 cumulative supplement.

In awarding attorney's fees, the trial court must consider all relevant factors. *Id.* at 93–94. These factors include the financial resources of both parties, the merits of the case, and the actions of the parties during the pendency of the action. § 452.355.1. "The relevant factors will balance differently in each case." *Alberswerth,* 184 S.W.3d at 94. "[A] showing of unusual circumstances justifying deviation from the normal rule that each party should bear his own litigation costs" must be made before the court will award attorney's fees. *Echele v. Echele,* 782 S.W.2d 430, 441 (Mo.App. E.D.1989).

Here, the court had evidence of both parties' incomes, and the court made a determination that Wife could support herself and that she was, in fact, earning approximately one and a half times the original maintenance awarded for that very purpose. We reject Wife's argument that the income disparity, alone, was reason enough to award her attorney's fees. "'[T]he fact that one spouse's income is greater than the other's does not compel an award of attorney's fees.'" *Cohen v. Cohen,* 178 S.W.3d 656, 674 (Mo.App. W.D. 2005) (quoting *Stidham v. Stidham,* 136 S.W.3d 74, 83 (Mo.App. W.D.2004)).

Point II is denied.

### Conclusion

The trial court's modification order was supported by substantial evidence, and the court acted within its broad discretion in denying Wife's request for attorney's fees. Therefore, its judgment is affirmed.

VICTOR C. HOWARD, Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.