**Jane SPROUSE, Appellant,**

v.

**Alfred Leander SPROUSE, Respondent.**

**No. WD 54204.**

Missouri Court of Appeals,
Western District.

June 2, 1998.

Mitchell J. Moore, Columbia, for appellant.

David L. Knight, Susan Ford Robertson, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for respondent.

Before LAURA DENVIR STITH, P.J., and HANNA and RIEDERER, JJ.

LAURA DENVIR STITH, Judge.

Jane (Sprouse) Stark appeals the trial court's order granting Alfred Sprouse's mo-

tion to modify maintenance, claiming that the judge's order was not supported by substantial evidence, was against the weight of the evidence, and erroneously applied the law. Ms. Stark argues that the trial court erred in terminating Mr. Sprouse's maintenance obligation because her income was not sufficient to meet her expenses. We agree and reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jane Stark and Alfred Sprouse were married on June 21, 1980. On October 10, 1989, Ms. Stark filed a Petition to dissolve her marriage to Mr. Sprouse. At that time, Ms. Stark was self-employed and owned her own business, Peggy's Dolls. She was also employed part-time at Dillon Companies, working approximately 15 hours per week. Mr. Sprouse failed to appear at the dissolution hearing. On April 16, 1992, the judge granted a Decree dissolving the parties' marriage. Prior to the parties' marriage, Ms. Stark owned a house free of all debt. At the time of the dissolution, the house was encumbered by a mortgage with 19 years of payments left on it. That mortgage had been taken out after the marriage to pay Mr. Sprouse's premarital debts (in the form of back taxes) and to buy a second house in Texas. The court awarded Ms. Stark the house and ordered Mr. Sprouse to pay Ms. Stark maintenance in the amount of $400 per month—this was also the amount of the house payment—for 19 years.

Approximately four years later, on May 6, 1996, Mr. Sprouse filed a Motion to Modify the original decree with respect to maintenance. He alleged that there had been substantial and continuing changes in circumstances making the original decree unreasonable. Specifically, Mr. Sprouse alleged that at the time of the original decree, Ms. Stark was "unemployed and possessed of very little property," but had since closed her business and was now employed with "a regular and substantial income." Based on this assertion, Mr.

Sprouse argued that Ms. Stark was capable of providing for her own support without maintenance.

On December 3, 1996, the trial judge held a hearing on the Motion to Modify. Ms. Stark testified that she was working at two part-time jobs, apparently both at Dillon Companies, and had been working there for approximately three and one-half years. According to her income and expense statement, at the time of the motion to modify, Ms. Stark's weekly wages before taxes were $362, or somewhat under $1600 per month. After deducting social security tax, federal withholding, state withholding, and union dues, her weekly wages were $266.26.[1] Therefore, her monthly net wages were approximately $1,152.91 ($266.26 per week times 4.33 weeks per month). Including her rental income of $60 per month, Ms. Stark had a net monthly income of about $1,212.91. She argued that she needed maintenance to meet her expenses, which it was not contested were approximately $1,421.96. She also argued that the $400 per month maintenance was non-modifiable as it was maintenance for a specific length of time and really constituted a division of property.

At the conclusion of the hearing, the court ruled from the bench, granting Mr. Sprouse's motion to terminate his maintenance obligation, retroactive to the date Mr. Sprouse filed his Motion. The judge stated:

> The Court finds substantial and continuing changes of circumstances since date of the original decree which make terms of said decree unreasonable in that [Ms. Stark] is now employed and is earning a considerable income, and maintenance is no longer needed for her support.

Ms. Stark appealed the trial judge's ruling.

## II. STANDARD REVIEW

Our review of a ruling on a motion to modify maintenance is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evi-

---

1. In her income and expense statement, Ms. Stark also deducted amounts for insurance and 401(k) contributions, but in her brief on appeal does not argue that these amounts should be deducted from her gross income.

dence, or it erroneously declares or applies the law. *McDonald v. McDonald,* 946 S.W.2d 743, 745 (Mo.App.1997); *Theilen v. Theilen,* 911 S.W.2d 317, 318 (Mo.App.1995). We accept as true the evidence and all inferences therefrom that are favorable to the trial court's judgment and disregards all contrary evidence. *Butts v. Butts,* 906 S.W.2d 859, 861 (Mo.App.1995). We will defer to the trial court even if the evidence could support a different conclusion. *Id.*

### III. LEGAL ANALYSIS

■ As her sole point on appeal, Ms. Stark claims the trial court erred in terminating Mr. Sprouse's maintenance obligation. She argues that Mr. Sprouse failed to show substantial and continuing changes in circumstances sufficient to terminate maintenance altogether, because her income is still not sufficient to meet her expenses. Therefore, she asserts, the judge's order was not supported by substantial evidence, was against the weight of the evidence, and erroneously applied the law.

■ In a proceeding for dissolution of marriage, a maintenance order must state whether it is modifiable or nonmodifiable. § 452.335.3, RSMo 1994. When the decree is silent as to whether maintenance is modifiable or nonmodifiable, if the award of maintenance was based upon need, it is presumed to be modifiable. *Lamont v. Lamont,* 922 S.W.2d 81, 85 (Mo.App.1996). Here, the original decree did not state whether the award of maintenance to Ms. Stark was modifiable or nonmodifiable. The trial court held the award was based on Ms. Stark's financial need, and was therefore modifiable. Ms. Stark does not contest this ruling on appeal.

■ Even when maintenance is modifiable, however, it "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the [original] terms unreasonable." § 452.370.1, RSMo

1994. "Changed circumstances to support modification must be proved by detailed evidence, which renders the original award unreasonable." *Lamont,* 922 S.W.2d at 85. The burden is on the moving party to prove a substantial and continuing change. *Lamont,* 922 S.W.2d at 85; *Butts,* 906 S.W.2d at 862.

Mr. Sprouse argues that there was a substantial and continuing change in circumstances because Ms. Stark is now employed and can provide for her own support without maintenance. Mr. Sprouse alleges that this is a substantial change of circumstances because Ms. Stark was unemployed at the time of the original dissolution. The court below apparently relied on this statement, for it found a substantial and continuing change of circumstances in part because Ms. Stark "is now employed." It was error, however, for the court to find this was a substantial change of circumstances. At the time of the dissolution, Ms. Stark was not unemployed. Rather, as the original dissolution decree itself specifically stated, she owned her own shop making dolls and was self-employed. She also worked 15 hours per week at Dillon Companies in the bakery, making $5 per hour. These prior judicial determinations were brought out at the hearing on the motion to modify. We can find no basis in the evidence for the court's contrary ruling.[2] The holding that there had been a substantial change of circumstance because Mrs. Sprouse was now employed was thus not supported by the evidence.

The trial judge's finding that Ms. Stark no longer needed maintenance for her support was also not supported by the evidence. The record does show that her income went up and the nature of her work had changed between the time of the dissolution and the time of the hearing on the motion to modify. More specifically, at the time of the dissolution she had been earning either $600 or $1,200 per month from her doll business and part-time employment.[3] By the time of the

---

**2.** Mr. Sprouse's Motion to Modify did incorrectly allege that Ms. Stark was not employed at the time of the dissolution, but the evidence did not support this assertion.

**3.** The statement of income and expenses Ms. Stark filed at the time of the dissolution was

incomplete, but she indicated that her gross salary was $600 per month. At the hearing on Mr. Sprouse's Motion to Modify, Ms. Stark clarified that, at the time of the dissolution, she had earned that amount bi-weekly after deduction of business expenses. Specifically, she said her gross income was approximately $30,000 per

hearing on the motion to modify, Ms. Stark no longer operated her doll business, which she had closed some time in 1992. Instead, Ms. Stark worked at two part-time jobs. According to her income and expense statement, at the time of the motion to modify, Ms. Stark's weekly wages before taxes were $362. After deducting social security tax, federal withholding, state withholding, and union dues, her weekly wages were $266.26.[4] Therefore, her monthly net wages were approximately $1,152.91 ($266.26 per week times 4.33 weeks/month). Including her rental income of $60 per month, Ms. Stark had a net monthly income of about $1,212.91. No contrary evidence of her current income was presented.

■ Since the court below erroneously found that Ms. Stark had not previously been employed, he apparently believed that all of her earnings constituted an increase in income. In fact, the record would have supported a finding that her income had increased anywhere between $12 and $600 per month by the time of the hearing on the motion to modify. Even assuming that, on remand, the court were to find the latter to be the case, the law is settled that an increase in income does not automatically "justify or require a modification of maintenance." *Lemmon v. Lemmon,* 958 S.W.2d 601, 604 (Mo.App.1998), *citing, Early v. Early,* 659 S.W.2d 321, 323 (Mo.App.1983). The court must also consider whether there has been an increase in expenses, and other factors, in making its ultimate decision as to whether the spouse still needs financial assistance to meet her reasonable needs. We thus turn to that issue.

Ms. Stark's income and expense statement submitted at the time of the motion to modify shows her monthly expenses to be $1,421.96. Mr. Sprouse did not contest the validity of any of these expenses. By our math, this means that Ms. Stark's expenses in fact exceed her income by approximately $209 per month; she calculates the amount as $208 per month. Ms. Stark argues that the trial court erred in completely terminating Mr. Sprouse's maintenance obligation, rather than reducing his maintenance obligation to approximately this amount.

■ Ms. Stark also argues that the record showed that Mr. Sprouse could afford to pay the reduced amount of maintenance she requested, and that the trial court erred in failing to consider this evidence. The record confirms that the trial judge was reluctant to admit this evidence of Mr. Sprouse's income and expenses; instead, he expressed the view that evidence of Mr. Sprouse's ability to pay was irrelevant to the determination whether to modify maintenance. This was error, for "[t]he husband's ability to pay is an important consideration in determining whether reduction of maintenance is appropriate." *Theilen,* 911 S.W.2d at 319.

The record shows that, at the time of the hearing, Mr. Sprouse was employed by Boone Electric Coop. According to his income and expenses statement, he has a net monthly income of approximately $2,006.55. This is approximately $5,000 per year more than he made at the time of the dissolution. He also claimed in his income and expense statement that his monthly expenses total $2,426. However, he included his housing expense twice and also included the $400 payments he makes as maintenance to Ms. Stark. Correctly calculated, Mr. Sprouse's stated monthly expenses, without payment of maintenance, total approximately $1,631. Therefore, Mr. Sprouse's income exceeds his expenses by approximately $375.55.

In sum, the record showed that Ms. Stark's need for maintenance had decreased, but that she still needed assistance in order to meet her reasonable financial needs and that Mr. Sprouse had sufficient income to

---

year. After business expenses, she grossed about $1,200 per month and had expenses of approximately $1,200 per month, not including the monthly payment of $400 for her mortgage. She testified that is why the court originally ordered Mr. Sprouse to pay maintenance of $400 per month for 19 years, the time needed to pay off the mortgage.

4. In her income and expense statement, Ms. Stark also deducted amounts for insurance and 401(k) contributions, but in her brief on appeal does not argue that these amounts should be deducted from her gross income.

pay her the decreased amount of maintenance she requested. These were the facts on which the trial court was required to have based its ruling on the motion to modify. These facts did not support the court's order terminating maintenance altogether, although they would support entry of an order modifying the amount of maintenance. *See Wilburn v. Wilburn,* 801 S.W.2d 78, 80 (Mo. App.1990) (increase in spouse's income justified granting motion to modify and decreasing maintenance, but did not justify terminating maintenance altogether where wife still could not meet her reasonable needs).

Because of the sketchy nature of the record and the fact that the amount of maintenance needed may have changed since the time the original decree was entered, we do not believe it is appropriate for us to order the court to award a specific amount of maintenance on remand. Accordingly, we reverse and remand to the trial court with directions that it grant the motion to modify and enter a new order awarding maintenance in a manner consistent with this opinion.[5] The court may, on remand, consider additional evidence in determining the amount of maintenance to which Ms. Stark is entitled.

HANNA and RIEDERER, JJ., concur.

---

5. We note that the prior award was made for a limited period, apparently because the court at that time intended it to cover the cost of the mortgage payment on Ms. Stark's home. Whether that award was originally intended to be based on need or was intended as an equalization of property, it is agreed that Ms. Stark's current entitlement to maintenance is based on need. It is settled that an award based on need cannot be of limited duration unless there is substantial evidence to support a reasonable belief of an impending change in circumstances. *See, e.g., Allen v. Allen,* 961 S.W.2d 891, 896 (Mo.App. 1998); *Schroeder v. Schroeder,* 924 S.W.2d 22, 27 (Mo.App.1996); *Klein v. Klein,* 837 S.W.2d 567, 570 (Mo.App.1992). Accordingly, it would be improper on remand to limit the award of maintenance to a particular period of time. If circumstances change substantially, the proper remedy is to file another motion to modify.