**Dixie Gail SCOTT, Petitioner–
Appellant,**

v.

**Harry Brooks SCOTT, Respondent–
Respondent.**

No. 25917.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 28, 2004.

---

**3.** The defendants' motion for frivolous appeal    is denied.

Peggy S. Hedrick, Springfield, for appellant.

John C. Banning, Springfield, for respondent.

KENNETH W. SHRUM, Judge.

Dixie Gail Scott ("Wife") appeals a judgment awarding attorney fees to her. Wife alleges the trial court abused its discretion when it ordered Harry Scott ("Husband") to pay only $1250 for her attorney fees. She claims that the trial court should have awarded all of the fees incurred by her during the instant action. We find no abuse of discretion. We affirm.

## STANDARD OF REVIEW

An award of attorney fees is solely within the sound discretion of the trial court. *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 782–83 (Mo.banc 2003). This follows because the trial judge is considered an expert on the question of attorney fees and "is presumed to know the character of services rendered regarding duration, zeal and ability, and to know the value of them according to custom, place, and circumstance." *McClain v. Papka,* 108 S.W.3d 48, 54[14] (Mo.App. 2003). "To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 399[31] (Mo.banc 2001).

## FACTS

The parties were divorced in 1991, ending an eleven-year marriage which produced two children. As part of the divorce decree, Husband was granted visitation rights with the children and was ordered to pay $525 per month as child support. Husband was also ordered to maintain medical coverage for the children, provide his proportionate share for their college expenses, and pay one-half of any noncovered medical expenses.

In December 2001, Husband's child support obligation was modified by administrative order, increasing the amount to $665 per month. In March 2002, Husband filed a motion to modify the divorce decree, specifically the custody and child support provisions. At the same time, Husband filed a motion to quash the garnishment of his wages which arose from the increased child support obligation under the administrative order.

Wife timely filed an answer to Husband's motion to modify and motion to quash. In addition, she sought to dismiss both motions for: (1) failure to state a claim (modification) and (2) "failure to join a purported party" (motion to quash). At the same time, Wife filed a motion for contempt, alleging that Husband failed to pay all of his child support, his share of

uncovered medical expenses, and his share of the elder child's college expenses. In both her answer and motion for contempt, Wife requested an award of attorney fees.

In July 2002, a hearing was held wherein the court denied Husband's motion to quash. By the next month, Husband had paid "his child support in full." In September 2002, after an evidentiary hearing, the trial court denied Wife's motion to dismiss Husband's motion to modify.[1] At this time, the court also ordered both parties to produce records regarding expenses incurred for college and medical necessities. In addition, the court ordered Husband and Wife to attend a court-approved parent education program. In November 2002, Wife filed a motion to reconsider her motion to dismiss. Before a hearing was held on this motion, Husband voluntarily dismissed his motion to modify. The case then went to trial in April 2003 on Wife's motion for contempt. Thereafter, the case was held open for the presentation of additional evidence. The additional evidence was provided in July 2003.

The court found Husband in contempt for failing to pay medical and educational expenses and ordered him to pay $3503. The court also found that Wife had incurred $5567 in attorney fees, but only ordered Husband to pay $1250 thereof. Wife appeals this award of attorney fees.

## DISCUSSION AND DECISION

In her only point on appeal, Wife claims the trial court abused its discretion by not ordering Husband to pay the full amount of attorney fees that she incurred. Focusing on section 452.355, Wife argues

that all relevant factors mandate that she be awarded the full amount of her attorney fees.

Section 452.355 allows a trial court to award attorney fees for the cost of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415.[2] *Crow*, 103 S.W.3d at 783. In doing so, the trial court must consider all relevant factors including the financial resources of both parties, the merits of the case, and the actions of the parties during the pendency of the action. *Adams v. Adams*, 51 S.W.3d 541, 549[17] (Mo.App.2001). However, the fact that one party earns more than the other, standing alone, does not compel an award of attorney fees. *Id.* at 549. We presume the award of attorney fees is correct, and we will reverse such only when it is manifestly unreasonable. *Boettcher v. Boettcher*, 870 S.W.2d 876, 880[13] (Mo.App.1993).

Here, Wife's argument can best be summarized as conclusory. Basically, Wife points to three factors or circumstances which allegedly justify an award of the full amount of her attorney fees.

First, Wife claims that the "merits of the case" factor weighs in her favor because she ultimately prevailed on her contempt motion. Along these same lines, she argues that Husband's case was without merit because he voluntarily dismissed his motion to modify. Second, Wife points to the fact that Husband did not comply with the court's discovery orders; therefore, she claims that his actions of noncompliance should weigh in favor of awarding her the full amount of attorney fees. Finally, Wife asserts that Husband makes more money and has the ability to pay for her

1. Although entirely unclear via the record, Wife sought to dismiss the motion on the basis of "unclean hands" which was the main focus of the hearing. Wife fails to explain what happened to her original allegation that Husband's motion failed to state a claim.

2. Because Wife focuses solely on the statute as a basis for claiming entitlement to attorney fees, we confine our review accordingly.

attorney; consequently, she argues that this factor should be weighed in her favor.

Wife, however, fails even to acknowledge certain factors or circumstances unfavorable to her position on appeal. For instance, a close reading of the docket sheets and legal file indicates that Wife caused just as much delay and work as any action or inaction by Husband. The trial judge noted this when, during the trial, he told Wife's attorney that she "get[s] off on sidetracks that don't move us forward." In another colloquy between the trial judge and Wife's attorney, he told her that she was a part of the reason that the case was "so much more difficult than it needs to be."

As another example of the incompleteness of Wife's argument, she complains that Husband failed to comply with certain orders of the court and attempts to use this as a factor weighing in favor of a full award of attorney fees, i.e., as a basis for showing an abuse of the trial court's discretion. Glaringly absent from the argument is any discussion of how this affected her lawsuit. Likewise, she fails to explain how this created more attorney fees.

Wife's lack of argument on this issue is understandable given the nature of the order of which she claims noncompliance by Husband. One of the principal disputes was the reasonableness and necessity of what Wife claimed were college-related and medical expenses. The court ordered Husband to file "in writing his contention as to the extent to which he has complied with payment." Although Husband never

filed those written "contentions," such failure could not possibly have created more attorney fees for Wife. This is especially true when Wife's lawyer never filed a motion to compel compliance with the order nor a motion for monetary sanctions.[3]

Because Wife's attorney was the cause of many of the additional fees in this case, the trial judge was in the best position to determine whether the claimed fees were both reasonable and necessary. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 950[19] (Mo.App.1993). Likewise, considering the comments made by the judge regarding Wife's counsel's actions during the case, the judge obviously believed that the amount of fees claimed was inflated due to her actions so that he was justified in reducing the amount of Wife's attorney fees that Husband should have to pay. *See McClain,* 108 S.W.3d at 54.

Based on the foregoing, although Wife ultimately won her contempt suit, we cannot say that the trial judge abused his discretion when he implicitly decided that the merits of the case and the parties' actions during the case weighed against her in such a way that Wife was not entitled to an order directing Husband to pay all fees claimed by Wife's attorney. Wife's arguments to the contrary are rejected.[4]

In light of the above, we note that Wife's argument *vis-a-vis* Husband's greater ability to pay her attorney fees is without merit. "[T]he financial state of a party seeking an attorney fee award is only one factor to consider," and "the fact that Husband's income exceeds Wife's, standing

---

**3.** The only document filed by Wife's lawyer to notify the court of Husband's failure to comply was a "Motion to Reconsider Motion to Dismiss." Therein, Wife's attorney informed the court that Husband did not comply with the court's order, using this as an additional· basis to justify a dismissal of Husband's motion to modify and a further reason to find Husband in contempt.

**4.** As yet another example of the briefing deficiencies on appeal, Wife seems to argue that Husband's case lacked merit because he dismissed his modification motion. Parties may dismiss motions and cases for reasons other than the lack of merit therein. But, Wife fails to address why the motion was dismissed other than her conclusory allegation that Husband knew "he would not prevail."

alone, does not compel an award of attorney fees." *In re Marriage of Thompson,* 24 S.W.3d 751, 756 (Mo.App.2000).

In conclusion, although not directly on point, we find the following apropos:

> "The trial judge presided over the hearing and was in a better position than we to determine the value of legal services. The trial court presumptively disbelieved the time records submitted by defendant's attorney. The trial court was free to disbelieve the testimony of defendant's attorney regarding the amount of time he spent on this matter as well as his opinion as to the value of services."

*Roberts v. Rider,* 924 S.W.2d 555, 560[10] (Mo.App.1996). Wife fails to explain on appeal why the court could have simply disbelieved testimony indicating that the full amount of the fee charged to Wife was reasonable and necessary. This would provide an additional basis for this court to deny Wife's argument on appeal as she has not overcome her burden on appeal to rebut the presumption that the award is correct. *Boettcher,* 870 S.W.2d at 880.

We find no abuse of discretion when the trial court ordered Husband to pay only $1250 for Wife's legal fees. Point denied.

The judgment of the trial court is affirmed.[5]

PARRISH, P.J. and BATES, C.J., CONCUR.

---

**5.** Wife also filed a motion for attorney fees on appeal which was taken with the case. That motion is denied as an appellate court has no authority to make such an award in a *dissolution* case. *See Schumann v. Schumann,* 830 S.W.2d 562, 563–64 (Mo.App.1992); *In re Marriage of Brooke,* 773 S.W.2d 496, 499 (Mo.App.1989). *Cf. Tull v. Housing Auth. of City of Columbia,* 691 S.W.2d 940, 943–44 (Mo. App.1985). If Wife believes she is entitled to appellate attorney fees, she can consult the following cases for the *proper* procedure to follow: *Copeland v. Copeland,* 116 S.W.3d 726, 729–30 (Mo.App.2003); *Meierer v. Meierer,* 876 S.W.2d 36, 37 (Mo.App.1994); *Schumann,* 830 S.W.2d at 563–64; *Brooke,* 773 S.W.2d at 499; and *Vandegriff v. Vandegriff,* 695 S.W.2d 941, 944–45 (Mo.App.1985).