William H. WINCHESTER III, Petitioner–Appellant,

v.

Tanya E. WINCHESTER, Respondent–Respondent.

No. 26352.

Missouri Court of Appeals, Southern District, Division One.

May 25, 2005.

R. Scott Killen, John L. Oliver, Jr., Oliver, Oliver & Waltz, P.C., Cape Girardeau, MO, for appellant.

Michelle S. House–Connaghan, Gina Casalone, Green, Cordonnier & House, L.L.P., St. Louis, MO, for respondent.

JAMES K. PREWITT, Judge.

William H. Winchester III ("Appellant") appeals an order of the Circuit Court of Scott County reducing a prior award of maintenance to Tanya E. Winchester ("Respondent") from $1500 per month to $900 per month. Appellant was also ordered to pay $3,250 for Respondent's attorney fees.

Appellant and Respondent were married December 29, 1968. One child was born to the marriage, however that child, Leslie, is now emancipated. In January of 1995, the marriage was dissolved, and Respondent was awarded $1500 per month in modifiable maintenance.

At the time of the dissolution, Respondent had no earned income and had not worked outside the home since 1973. She had a Bachelor of Science in education. Appellant was a practicing attorney.

Respondent relocated to Columbia, Missouri, in 1997, where she took a position as a part-time teacher. She was offered and accepted a full-time contract in 1998, with an annual salary of $35,088.00. Respondent had also inherited $110,000 after her mother's death in 2001. This inheritance was placed in a money market account which now values $100,476.39. With benefits and dividend income included, Respondent's annual income totaled $38,195.00. Her expenses totaled $3,196.62 per month. This figure does not include assisting the couple's daughter, Leslie, with tuition to the Logan College of Chiropractic. Respondent claims a deficit in the amount of $832.20 per month.

Appellant learned of Respondent's teaching contract and inheritance and filed a Motion to Modify Maintenance on July 15, 2003, requesting modification of the prior award. The Motion asks the court to find the prior award of $1500 monthly for maintenance unreasonable in light of substantial and continuing changes and requested that modification be made retroactive to July 15, 2003. Appellant declined to disclose his income at the time of filing. Instead, he stipulated that he was able to pay maintenance set forth at the 1995 level.

The trial court held that Appellant had met his burden in proving a substantial and continuous change in Respondent's condition and ordered that the maintenance award be reduced from $1500 per month to $900 per month.

For his first point, Appellant states:

THE TRIAL COURT ERRED BY AWARDING CONTINUED MAINTENANCE TO RESPONDENT BECAUSE THE TRIAL COURT'S RULING IS AGAINST THE WEIGHT OF THE EVIDENCE AND MISAPPLIES THE LAW IN THAT THE EVIDENCE ESTABLISHED THAT RESPONDENT'S EMPLOYMENT INCOME AND INVESTMENT INCOME, EXCLUSIVE OF MAINTENANCE, HAVE ATTAINED A LEVEL AT WHICH RESPONDENT IS SELF–SUFFICIENT AND THEREFORE, AN AWARD OF MAINTENANCE IS NO LONGER WARRANTED.

Upon review of a motion to modify an award of maintenance, this court is limited to a determination of whether the trial court's decision is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Weston v. Weston*, 882 S.W.2d 337, 338–39 (Mo.App.1994). An appellate court will defer to the trial court on its decision to modify a maintenance award, even if the evidence could support a different conclu-

sion. *Gerecke v. Gerecke*, 954 S.W.2d 665, 667 (Mo.App.1997).

■ Section 452.370.1, RSMo 2000 provides that an award of maintenance "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Changed circumstances sufficient to support modification of maintenance must be proven by detailed evidence. *Laffey v. Laffey*, 72 S.W.3d 143, 147 (Mo.App. 2002). The party moving for modification of maintenance bears the burden of proving substantial and continuing change. *Id.* "[T]he concept of 'change' necessarily entails a departure from a known prior state or condition." *Fulp v. Fulp*, 808 S.W.2d 421, 423 (Mo.App.1991). Further, "the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties[.]" § 452.370.1, RSMo 2000.

Appellant's financial status is not in dispute. Appellant has stated that he is able to pay maintenance stipulated at the 1995 level. As earlier noted, Appellant introduced evidence to the trial court, including detailed legal documents from the dissolution decision to the current date, showing substantial and continuing change in Respondent's income.

■ "[A]n increase in income does not automatically justify or require a modification of maintenance." *Sprouse v. Sprouse*, 969 S.W.2d 836, 839 (Mo.App.1998) (internal quotations omitted). "The court must also consider whether there has been an increase in expenses, and other factors, in making its ultimate decision as to whether the spouse still needs financial assistance to meet her reasonable needs." *Id.*

The trial court found that the record reflected a deficiency between Respondent's monthly income and expenses. Considering Respondent's salary and interest and dividends earned in 2003, her gross monthly income is $3182.92. Appellant did not dispute that Respondent's reasonable monthly expenses amount to $3196.62. When such expenses are deducted from Respondent's monthly income, the result is a deficiency in the amount of $13.70 per month. Respondent contended that, in addition, expenses should also reflect deductions for payroll and income tax deductions ($482.09), mandatory retirement fund contributions ($331.49) and professional dues ($14.92). The inclusion of these amounts as monthly expenses would result in a deficit of $832.20 per month. The trial court agreed with this calculation and modified the maintenance award to require Appellant pay to Respondent $900 per month.

Expenses related to Respondent's teaching position were properly considered. The trial court found that "despite [Respondent's] efforts to contribute to her own support[,]" there remains a deficit of $900 per month. Respondent remains dependent upon maintenance to meet her monthly expenses. Giving deference to the trial court, point one is denied.

For his second point, Appellant states:

THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE REDUCTION/ELIMINATION OF MAINTENANCE RETROACTIVE TO AUGUST 1, 2003 BECAUSE IT WAS AN ABUSE OF DISCRETION TO IGNORE THE WEIGHT OF THE EVIDENCE ESTABLISHING A SUBSTANTIAL CHANGE ON AUGUST 1, 2003—THE DATE RESPONDENT SIGNED HER 2003–2004 TEACHING CONTRACT—IN THAT THE EVIDENCE DEMONSTRATED THAT THE SIGNING OF RESPONDENT'S 2003–2004 CONTRACT ELEVATED HER INCOME TO THE POINT

WHERE SHE WAS SELF SUFFI-
CIENT.

The retroactivity of a modifica-
tion of maintenance and the date that mod-
ification occurs is within the sound discre-
tion of the trial court. *Gerecke v. Gerecke,*
954 S.W.2d 665, 672 (Mo.App.1997). To
prove an abuse of that discretion, Appel-
lant must show that the ruling was clearly
against the logic of the circumstances and
arbitrary and unreasonable as to shock the
sense of justice and indicate a lack of
careful consideration. *Id.* Our examina-
tion of the record fails to reveal any such
abuse.

There was little disparity between the
annual and monthly income for the period
the trial court had to consider. In view of
the trial court's consideration of Respon-
dent's separate incomes as well as her
monthly incomes, there was no substantial
disparity between any dates that the court
had to select. In *Dimmitt v. Dimmitt,* 849
S.W.2d 218, 220 (Mo.App.1993), a similar
argument was made by the appellant. On
appeal, no abuse of discretion was found.
Point II is denied.

Appellant's remaining point states:

THE TRIAL COURT ERRED
WHEN IT AWARDED RESPON-
DENT $3,250 AS ATTORNEY FEES
BECAUSE IT WAS AN ABUSE OF
DISCRETION TO AWARD RESPON-
DENT ATTORNEY'S FEES IN
THAT: (1) RESPONDENT WAS
ABLE TO PAY HER ATTORNEY'S
FEES WITHOUT IMPAIRING OR
IMPEDING HER ABILITY TO
ACHIEVE AND MAINTAIN SELF-
SUFFICIENCY; (2) THE MERITS
OF THE CASE FAVORED APPEL-
LANT AND A SIGNIFICANT POR-
TION OF TIME BILLED IN THE
CASE INVOLVED A CLAIM WITH-
OUT MERIT; AND, (3) THE AC-
TIONS OF THE PARTIES REVEAL
THAT RESPONDENT HIRED AN
ATTORNEY AT RATES THAT ARE
HIGHER THAN CUSTOMARY IN
THE AREA, RESPONDENT PAID A
$5,000 RETAINER, AND APPEL-
LANT HAD, IN EFFECT, ALREADY
PAID RESPONDENT'S ATTORNEY'S
FEES.

The awarding of attorney fees
in a modification proceeding is within the
sound discretion of the trial court. *Scott v.
Scott,* 144 S.W.3d 921, 922 (Mo.App.2004).
We presume an award of attorney fees to
be correct and will reverse the trial court's
award "only when it is manifestly unrea-
sonable." *Id.* at 923. The trial judge is
considered an expert on the question of
attorney fees and "is presumed to know
the character of services rendered regard-
ing duration, zeal and ability, and to know
the value of them according to custom,
place, and circumstance." *McClain v.
Papka,* 108 S.W.3d 48, 54 (Mo.App.2003).
To demonstrate an abuse of discretion,
"the complaining party must show that the
award was clearly against the logic of the
circumstances and so arbitrary and unrea-
sonable as to shock one's sense of justice
and indicate a lack of deliberation." *Clark
v. Clark,* 101 S.W.3d 323, 330 (Mo.App.
2003).

The trial court must consider all
relevant factors in awarding attorney fees
in a modification including the financial
resources of both parties, the merits of the
case, and the actions of the parties during
the pendency of the action. *Scott,* 144
S.W.3d at 923. Section 452.355, RSMo
2000.

The Appellant's financial circumstances
are not at issue. Appellant argues that
Respondent's income and expenses since
the dissolution require her to pay her at-
torney fees. The trial court noted a sub-
stantial change in Respondent's income

but still found a disparity between her income and expenses.

Since the trial court reduced but did not terminate maintenance, the court found some merit in the contentions of each party. Appellant further contends that an examination of the legal fees submitted by the Respondent's attorney revealed a billing for research to determine whether or not a legal basis existed to warrant the filing of a "motion to determine sums due and owing," attributable to matters related to the couple's daughter's graduate school expenses. Appellant refers to such expenses as "frivolous." The Respondent does not dispute this suggestion, but counters that the trial court must have considered this matter as frivolous, since the $3,250 awarded to the Respondent was only half of the legal fees.

Finally, Appellant argues that Respondent's selection of counsel was inappropriate in consideration of the amount billed. Appellant argues that Respondent sought to replace counsel local to the region with an attorney from St. Louis. Appellant argues that the $275 hourly rate charged to Respondent was excessive for a region (Southeast Missouri) that has an adequate legal community.

We know that there are many competent lawyers in that area. However, Appellant fails to acknowledge the reality of Respondent's situation. Appellant is an Associate Circuit Judge in Southeast Missouri, which may cause some attorneys to be reluctant to represent Respondent. We find no abuse of discretion in the award of attorneys fees. Point III is denied.

The judgment is affirmed.

RAHMEYER, Judge, concurs.

MAUS, Senior Judge, concurs in separate opinion.

ALMON H. MAUS, Senior Judge, concurring.

I concur in the principal opinion upon the basis expressed therein. I would also affirm the Judgment of the trial court upon the following basis.

Section 452.335, RSMo 2000 provides that a trial court, in awarding maintenance at the time of a dissolution, shall consider all relevant factors, including the comparative earning capacity of each spouse, the standard of living established during the marriage, the duration of the marriage and the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Section 452.370, RSMo 2000, which governs the modification of maintenance in subsequent proceedings, includes the following limitation:

[T]he provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.... [T]he Court, in determining whether or not a substantial change in circumstances has occurred, *shall consider all financial resources of both parties* ....

(emphasis added).

Common sense requires the court, in determining the amount of maintenance, should balance the ability of a spouse to pay against the needs of the other spouse. That is the mandate of the statutes. *Laffey v. Laffey,* 72 S.W.3d 143 (Mo.App. W.D.2002); *In re Marriage of Baker,* 986 S.W.2d 950 (Mo.App. S.D.1999). If the Appellant had the wealth of Bill Gates, he should not be heard to complain about the maintenance originally awarded the Respondent.

It is obvious that a trial court cannot adequately balance the ability to pay against need unless each party discloses his or her assets and income. By not doing so, the Appellant prevented the Respondent from adequately considering if she should seek an increase in maintenance. To approve the Appellant's position is to permit him to create a new category of privileged information. It prevented the court from considering "all financial resources of both parties" as mandated by Section 452.370, RSMo 2000.

Had the Respondent appealed, I would, because the Appellant prevented the court from considering all the assets of both parties as required by the statute, reverse the judgment reducing maintenance. She did not. So, I concur in affirming the judgment continuing maintenance in a reduced amount.