In re the MARRIAGE OF Bradley
Alan MANGUS and Ronda
Darlene Mangus.

Bradley Alan Mangus, Petitioner–
Respondent,

v.

Ronda Darlene Mangus, Respondent–
Appellant.

No. 27937.

Missouri Court of Appeals,
Southern District,
Division One.

June 14, 2007.

Donald Rhodes, Bloomfield, MO, for Appellant.

Inga Hilfiker Ladd, Malden, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Bradley Alan Mangus ("Respondent") and Ronda Darlene Mangus ("Appellant") were divorced by entry of a Judgment and Decree of Dissolution in the Circuit Court of Stoddard County, Missouri, on March 7, 2001. The Judgment incorporated several terms of a separation agreement, including a provision stating that Respondent was to provide medical insurance for Appellant for a period of three years and ordering him to pay maintenance in the amount of $100.00 per month for three years. The Judgment did not state whether the maintenance order was modifiable or non-modifiable. Appellant filed an amended three-count motion, which included a motion for contempt, a motion to increase maintenance and a motion to continue the health insurance benefits. The trial court specifically stated that it would make no findings whether the original maintenance order was modifiable or non-modifiable but continued to make a determination that Appellant failed to meet her burden of proof regarding modification so as to make the terms of the original award unreasonable.

Appellant brings two points on appeal: first, the trial court erred in failing to enter findings on whether the Judgment and Decree of Dissolution was modifiable or non-modifiable; and second, the trial court erred in sustaining an objection to

the production of Respondent's federal and state income tax returns during discovery.

■ Appellant's first point claims the trial court erred in not entering findings regarding whether the original Judgment and Decree of Dissolution was modifiable or non-modifiable. Instead, the trial court stated that it "makes no finding regarding whether the original maintenance term and length agreed to by the parties and ordered by this Court was contractual, non-modifiable decretal or modifiable decretal in nature." Appellant correctly notes that when a separation agreement is incorporated into a decree of dissolution, the terms of which fail to include an express statement that the maintenance obligation is non-modifiable, it is considered modifiable and a court has jurisdiction to proceed on a motion to modify. *See Berman v. Berman*, 701 S.W.2d 781, 786 (Mo. App. E.D.1985); *Brucker v. Brucker*, 611 S.W.2d 293, 296 (Mo.App. E.D.1980). Accordingly, it would have been error if the trial court dismissed Appellant's motion and treated the original maintenance amount and length as non-modifiable. However, instead of dismissing the motion the trial court "evaluated [Appellant's] motion pursuant to the standards set forth in RSMo. § 452.335 and 452.370" and rendered a decision on the merits. Therefore, Appellant has not shown any harm came from the trial court's failure to make a finding regarding the modifiability of the original maintenance amount and length. Point one is denied.

■ In her second point, Appellant claims the trial court erred in sustaining Respondent's objection during discovery to the production of Respondent's federal and state income tax returns. During pre-trial discovery, Appellant requested Respon-

dent's federal and state income tax returns and Respondent objected. The trial court found Respondent was "engaged in the competitive business of personal and commercial insurance [and][r]elease of his complete income tax returns could result in damage to his business and disclosure to competitors of confidential information[.]" Instead, the trial court found that Respondent's "summary of his federal taxable income for the years 2001, 2002, and 2003 compiled by his accountant ... [was] reasonable compliance with the requested discovery." Appellant now appeals this ruling.

■ "Trial courts have broad discretion in administering rules of discovery, which this Court will not disturb absent an abuse of discretion." *State ex rel. Crowden v. Dandurand*, 970 S.W.2d 340, 343 (Mo. banc 1998). The trial court's exercise of its discretion should be directed towards accomplishing fundamental fairness and avoiding unfair surprise. *Kehr v. Knapp*, 136 S.W.3d 118, 122 (Mo.App. E.D.2004). When analyzing a trial court's actions in the context of its response to pre-trial discovery issues, " 'we consider whether, under the totality of the circumstances, the challenged act has resulted in prejudice or unfair surprise.' " *Id.* (quoting *Siller v. Rivituso–Siller*, 129 S.W.3d 433, 436 (Mo. App. E.D.2004)).

Rule 56.01(b)(1) [1] states in part, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action[.]" Section 452.370.1 [2] states that the "financial resources of both parties" are relevant factors for a court to consider in determining whether there has been a substantial and continuing change in circumstances warranting a modification in main-

---

1. All rule references are to Missouri Court Rules (2006), unless otherwise specified.

2. All references to statutes are to RSMo 2000, unless otherwise specified.

tenance. Any information relating to the financial resources of Respondent, including his federal and state income tax returns, is therefore relevant to the underlying motion to modify maintenance. *See State ex rel. Wilson v. Davis,* 979 S.W.2d 253, 256–57 (Mo.App. S.D.1998). The trial court erred in not allowing Appellant access to Respondent's federal and state income tax returns.

While it may be true that Respondent's business is highly competitive and the disclosure of his income tax returns to his competitors would result in damage to his business, there is a method, beyond completely barring Appellant's access to the tax returns, that the trial court could have employed to keep the information from being disclosed. It could have issued a protective order pursuant to Rule 56.01(c) restricting the dissemination of Respondent's tax returns by any person, for any purpose, outside of the pending litigation. *See State ex rel. Svejda v. Roldan,* 88 S.W.3d 531, 532 (Mo.App. W.D.2002) (stating that a trial court has the authority to enter a protective order under Rule 56.01(c), restricting dissemination beyond counsel and experts).

 Because Respondent's tax returns are discoverable under Rule 56.01 the trial court should have ordered that Respondent produce them to Appellant. It could have then issued a protective order making sure that the information was not used beyond the pending litigation. Failure to do so was erroneous; however, we will reverse the trial court's actions while administering the rules of discovery only if it abused its discretion. *State ex rel. Crowden,* 970 S.W.2d at 343. To show abuse of discretion Appellant needs to show more than the trial court erred, she most show that the error resulted in prejudice. *Kehr,* 136 S.W.3d at 122.

 Even if Respondent's income tax returns show that Respondent's income has substantially increased since the date of dissolution, which is what Appellant alleges, " 'an increase in income does not automatically justify or require modification of maintenance.' " *Winchester v. Winchester,* 163 S.W.3d 57, 60 (Mo.App. S.D.2005) (quoting *Sprouse v. Sprouse,* 969 S.W.2d 836, 839 (Mo.App. W.D.1998)). Instead, " '[t]he ultimate issue is whether ... changes are sufficiently substantial and continuing so as to make the original terms of the decree unreasonable.' " *Swartz v. Johnson,* 192 S.W.3d 752, 755 (Mo.App. W.D.2006) (quoting *Rustemeyer v. Rustemeyer,* 148 S.W.3d 867, 870–71 (Mo.App. E.D.2004)). To warrant modification the change in circumstances must be unknown and unforeseeable at the time of the entry of the dissolution. *Swartz,* 192 S.W.3d at 755.

The trial court specifically found that Appellant is gainfully employed. She is "physically able to work full-time[, has] been doing so since the dissolution" and her "housekeeping business has shown a slight but steady increase in profits since the marriage ... was dissolved." It also found that "[n]o evidence was presented ... showing a substantial decline in the state of [Appellant's] health since the original Judgment." Based upon these findings, which Appellant does not appeal, there was not a substantial and continuing change in circumstances so as to warrant modification because nothing occurred which was "unknown and unforeseeable" at the time the original dissolution set the maintenance award to expire after three years. Even if Appellant had access to Respondent's tax returns and was able to prove that his income dramatically increased, that alone does not justify or require modification. *Winchester,* 163 S.W.3d at 60.

Because Appellant cannot show that the trial court's error in refusing her access to Respondent's tax returns during discovery resulted in prejudice she cannot show an abuse of discretion occurred. Point II is denied.

The judgment of the trial court is affirmed.

PARRISH, J., SCOTT, J., concur.