

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| CHAILLE ANDERSON LINDO, | ) | No. ED103930 |
| | ) | |
| Petitioner/Respondent | ) | Appeal from the Circuit Court of |
| vs. | ) | St. Louis County |
| | ) | |
| JOHN THOMAS HIGGINBOTHAM, | ) | Hon. John R. Essner |
| | ) | |
| Respondent/Appellant. | ) | FILED:  November 29, 2016 |

## Opinion

Appellant John Thomas Higginbotham appeals the trial court's judgment reducing, but not terminating, his maintenance obligation, retroactive to February 2015, and awarding Lindo attorney's fees. We affirm.

## Background

On June 10, 1996, the marriage of Appellant Higginbotham and Respondent Lindo was dissolved. In its judgment and dissolution of marriage, the trial court ordered Higginbotham to pay Lindo modifiable maintenance totaling $1,500 per month. It divided the parties' marital property and awarded Lindo certain retirement assets, including a portion of two pension plans. Lindo subsequently used some of the assets awarded to purchase two MetLife annuities.

In December 2005, Higginbotham filed a motion to modify seeking to reduce his maintenance obligation or to terminate it. After a hearing, his request for modification was denied

in full in November 2007. On April 10, 2014, Higginbotham filed another motion to modify seeking to terminate his maintenance obligation based on his anticipated voluntary retirement on September 1, 2014. That motion to modify is the subject of this appeal.

In support of complete termination of maintenance, Higginbotham claimed that his income would decrease by half after he retired. He further claimed as a result of his retirement, Lindo would be eligible to receive her portion of his pension and Social Security benefits. Higginbotham claimed that the income from Lindo's portion of pension benefits, Social Security benefits, and employment enabled Lindo to support herself without spousal maintenance. Lindo filed a counter-motion to modify seeking an increase in maintenance, as well as a motion for attorney's fees and litigation costs.

In May 2015, the trial court held an evidentiary hearing on both parties' motions to modify and heard testimony from Lindo and Higginbotham. The trial court subsequently entered a modification judgment reducing Higginbotham's monthly maintenance obligation to $750 and ordered Higginbotham to pay $6,000 in attorney's fees and costs to Lindo. It further held that the modification was retroactive to February 2015, and the trial court ordered Lindo to pay Higginbotham $6,000 as reimbursement for maintenance overpaid for the months of February through September 2015. The trial court denied Lindo's motion to modify in its entirety.

Higginbotham appeals the trial court's judgment reducing rather than terminating maintenance, the retroactive effective date of Higginbotham's maintenance payments, and the trial court's award of attorney's fees to Lindo. We affirm the trial court's judgment.

## Standard of Review

In a court-tried action to modify a maintenance award, we conduct our review in accordance with the standards enunciated in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo.banc

2

1976). We will uphold the court's judgment unless the judgment is not supported by the evidence, is against the weight of the evidence, or erroneously declares or applies the law. Id. "An appellate court will defer to the trial court on its decision to modify a maintenance award even if the evidence could support a different conclusion." Id.

The evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the prevailing party. Id. The trial court is in a superior position to judge witness credibility and sincerity and, as such, may accept all, part, or none of any witness's testimony. Id. All fact issues upon which the trial court failed to make specific findings are considered as having been found in accordance with the judgment. Rustemeyer v. Rustemeyer, 148 S.W.3d 867, 870 (Mo. App. E.D. 2004); Rule 73.01. The trial court's judgment modifying maintenance is reviewed for an abuse of discretion. Lee v. Gornbein, 124 S.W.3d 52, 56 (Mo. App. W.D. 2004).

**Discussion**

**I.      Motion to Modify**

In Point I of his appeal, Higginbotham argues the trial court erred when it denied in part his motion to modify because he presented evidence of changed circumstances sufficient to permanently and completely terminate his maintenance obligations. Specifically, he claims that Lindo attained self-sufficiency and receives—or is entitled to receive—income from investments, retirement benefits, and social security benefits that meet her reasonable needs.  Lindo argues in response that the trial court did not err in reducing, rather than terminating, Higginbotham's maintenance payments. In support, she cites Leslie v. Leslie, 827 S.W.2d 180 (Mo. 1992), a Missouri Supreme Court decision holding that a trial court cannot consider income from retirement assets awarded in an original dissolution action as a change of circumstances when reviewing a

3

motion to modify. She further argues she lacks sufficient income to provide for her reasonable needs.

The maintenance provisions of a divorce decree may be modified " 'only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.' " Fowler v. Fowler, 21 S.W.3d 1, 4 (Mo. App. E.D.2000) (quoting Section 452.370). Therefore, a party moving for modification of a maintenance order bears the burden of proving, through detailed evidence, that a substantial and continuing change has occurred, rendering the original award unreasonable. Sprouse v. Sprouse, 969 S.W.2d 836, 838 (Mo. App. W.D.1998). The period of time to which we refer for the necessary changes in circumstances to support the modification in maintenance dates from the prior order refusing modification. Hopkins v. Hopkins, 591 S.W.2d 716, 720 (Mo. App. E.D. 1979); see also Passanante v. Passanante, 364 S.W.3d 690, n.1 (Mo. App. E.D. 2012) for a discussion of *res judicata* principles surrounding a prior motion to modify.

Higginbotham first argues that in accordance with Hill v. Hill, 53 S.W.3d 114 (Mo. banc 2011) and Jung v. Jung, 886 S.W.2d 737 (Mo. App. E.D. 1994), the trial court erred when it failed to consider income Lindo is entitled to receive from pension benefits awarded in the original dissolution action. As a consequence of Higginbotham's early retirement, Higginbotham argues Lindo is entitled to receive income from certain retirement assets which she received by virtue of the original dissolution judgment. Higginbotham argues Lindo's eligibility for additional income constitutes a substantial change of circumstances sufficient under Missouri law to terminate his maintenance obligation.

Section 452.370.1 authorizes a court to modify maintenance "only upon a showing of changed circumstances so substantial and continuing as to make the terms [of the original decree] unreasonable." Section 452.370.1 further provides that

4

the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed.

The trial court's awards of marital property in the original dissolution action should take into account the respective values assigned to the marital property, including the value of the pension plans. Leslie v. Leslie, 827 S.W.2d at182–83. While it is correct that, upon valuation and division of a pension plan, the trial court may take the sum of the pension into account in reducing an amount of maintenance awarded in an original dissolution proceeding, see e.g., Schelsky v. Schelsky, 796 S.W.2d 888, 893 (Mo.App.1990), Hogan v. Hogan, 796 S.W.2d 400, 404 (Mo.App.1990), the law is well settled that a spouse is not required to consume his or her apportioned share of marital property in order to be entitled to an award of maintenance. Klenke v. Klenke, 742 S.W.2d 621, 624 (Mo.App.1987); Balven v. Balven, 734 S.W.2d 909, 914 (Mo.App.1987); Fausett v. Fausett, 661 S.W.2d 614, 617 (Mo.App.1983). Nor is a spouse required to consume an apportioned share of marital property in order to be entitled to retain an award of maintenance. Leslie, 827 S.W.2d at 183. However, the cases of Schelsky and Hogan involved the calculation of maintenance awarded in an original dissolution proceeding, and therefore offer limited guidance to our analysis. Instead, we find the Missouri Supreme Court case of Leslie v. Leslie determinative.  In Leslie, Husband initiated a modification proceeding to eliminate Wife's maintenance award on the basis that Wife's receipt of pension income, as well as a future right to receive pension income, constituted a substantial change of circumstances.  The trial court found no substantial and continuing change of circumstances, but reduced the maintenance award in an amount equal to a monthly pension payment. The trial court further ordered that the maintenance award be reduced in the future when the second of Wife's pensions began to pay.

5

In reversing the trial court, the Missouri Supreme Court held that Section 452.370.1 authorizes a court to modify maintenance only upon a showing of changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. It found that orders affecting the distribution of marital property are not modifiable and that the reduction in maintenance, dollar for dollar in the amount of the pension benefit, had the effect of impermissibly amending the original division of marital property. It further held that even accepting Husband's claim that the additional money Wife would receive from a pension would later constitute a substantial and continuing change of circumstances, Section 452.370.1 specifically requires a determination of whether a changed circumstance exists so as to make the original award unreasonable. Because that finding was not made by the trial court, the trial court erred.

Similarly, Higginbotham argues that Lindo's eligibility to receive pension income due to his early retirement is a substantial change of circumstances sufficient to support a motion to modify.  He cites dicta contained in Jung v. Jung, an original dissolution action, that "…when wife begins receiving her share of husband's pension and profit sharing plans, the court may, upon a motion to modify, determine the interest income wife earns from that particular marital property and revise the maintenance award accordingly. Jung, 886 S.W.2d at 740–41.  However, this dicta directly contravenes the Supreme Court's decision in Leslie. Higginbotham also cites the Supreme Court's holding in Hill and argues that Hill explicitly limited Leslie. We disagree.

The Supreme Court in Hill held that although, as a general principle, income that is not readily available—such as a pension paid only at a fixed future date—is not counted for maintenance purposes, a trial court in an original dissolution proceeding must consider income from retirement and IRA accounts to be apportioned as marital property. The trial court should then determine the amount of income imputed from these accounts based on the facts and

6

circumstances of each case. <u>Hill</u>, however, involved an original dissolution action in which the trial court failed to include in its maintenance calculation income from retirement and IRA accounts. In contrast, this case concerns a motion to modify.

Here, the trial court provided in its modification judgment that "[t]reating [Lindo's] current ability to receive monthly payments from these assets as a change of circumstances justifying a change in the maintenance payments would effectively amount to a modification of the division of property in the original dissolution action." It cited the case of <u>Theilen v. Theilen</u>, 911 S.W.2d 317, 319 (Mo. App. W.D. 1995), which stands for the proposition that "reasonably foreseeable income produced as a result of the assets [Wife] received in the dissolution decree does not constitute a change that supports modification of the maintenance provision of the decree." The trial court correctly applied the principles set forth in <u>Leslie</u>. The reduction of maintenance, dollar for dollar in the amount of the pension benefit, has the effect of impermissibly amending the division of marital property. Similarly, the trial court properly declined to consider Lindo's eligibility to receive income from annuities purchased with assets awarded to her in the original dissolution action.

Higginbotham further argues the trial court erred in reducing but not terminating maintenance because Lindo had sufficient income to meet her reasonable needs and, therefore, was self-sufficient. While a decrease in the income of the spouse paying maintenance or an increase in the income of the spouse receiving it are both relevant factors for the court to consider, neither alone requires a court to modify the amount of maintenance previously ordered. <u>Bradley v. Bradley</u>, 880 S.W.2d 376, 378 (Mo. App. W.D. 1994).

Higginbotham argues the changes to Lindo's income are sufficiently substantial so as to make the original terms of the decree unreasonable. If, despite an increase in income, a spouse who has

been receiving maintenance still needs the maintenance awarded in order to meet his or her reasonable needs, a significant change of circumstances has not occurred. See, e.g., Draper v. Draper, 982 S.W.2d 289, 291–92 (Mo. Ct. App. 1998).

The record here shows that while Higginbotham's income decreased since his voluntary retirement, he still earns significantly more than Lindo, and her need for maintenance continues. At the time of dissolution, Lindo earned $2,361 per month from employment. Since the dissolution, Lindo has been gainfully employed and, at the time of the hearing, Lindo was earning approximately $2,409.87 per month. The trial court record reflects no arguments or evidence that Lindo was either underemployed or had a prospect of significant advancement with her current job. See, e.g. Hartzell v. Hartzell, 976 S.W.2d 624, 626 (Mo. App. E.D. 1998). Lindo did, however, concede that she may be eligible to receive a portion of Higginbotham's social security benefits. This amount may be, and was, considered by the trial court reviewing a motion to modify. See Laffey v. Laffey, 72 S.W.3d 143, 151 (Mo. App. W.D. 2002).  After hearing both Higginbotham and Lindo's testimony, the trial court concluded that Lindo's reasonable needs totaled $4,500 per month. Based on her income and eligibility to receive a portion of Higginbotham's social security, the trial court reduced Higginbotham's maintenance obligation to $750 per month.

In determining whether a change of circumstances is so substantial as to render the terms of the prior decree unreasonable, a trial court must consider the financial circumstances of both parties. See Batka v. Batka, 171 S.W.3d 757 (Mo. App. E.D. 2005); Schwartz v. Johnson, 192, SW3d 752 (Mo. App. W.D. 2006). The trial court did so in its judgment, and its judgment demonstrates careful consideration of the evidence regarding the financial circumstances of both Lindo and Higginbotham presented at trial.  Although the briefs submitted by the parties provide different figures with regard to Lindo's monthly income, Lindo testified that her net employment

income was $2,409.87. She also testified she was eligible to receive $1,291.00 in social security benefits. The sum of her net monthly income from employment and her portion of Higginbotham's social security is $3,701.87. The sum of Lindo's net monthly income and the reduced maintenance award is $4,450.87. The trial court held that Lindo's monthly reasonable needs totaled $4,500.

Based on the evidence presented to the trial court, we find no abuse of discretion. Point I is denied.

## II. Retroactivity

In Point II, Higginbotham argues that the trial court should have set the date of retroactive application for September 1, 2014, i.e., the date Higginbotham retired and Lindo became eligible for her portion of his retirement benefits. The retroactivity of a modification of maintenance and the date that modification occurs is within the sound discretion of the trial court. Gerecke v. Gerecke, 954 S.W.2d 665, 672 (Mo. App. S.D. 1997). To prove an abuse of discretion, Higginbotham must show that the ruling was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Id. Our examination of the record fails to reveal any such abuse.

The trial court held that the reduction in Higginbotham's maintenance obligation should be retroactive to the month of February 2015. In making its determination, the trial court considered that the case was originally set for trial in January 2015, but was continued due to Lindo's work schedule. Had the motion to modify been tried in January, February 2015 would have been the first month of Husband's reduced maintenance obligation. This is not so arbitrary and unreasonable as to shock the sense of justice. We affirm the trial court's date of retroactive application. Point II is denied.

### III. Attorney's Fees

In his final point on appeal, Higginbotham argues that the trial court's order directing him to pay $6,000 of Lindo's attorney's fees was an abuse of discretion, against the weight of the evidence, and beyond the scope of Lindo's pleadings. Specifically, he argued that Lindo requested attorney's fees for defending a meritless motion to modify. Higginbotham argues his motion to modify had merit because the trial court reduced his maintenance obligation. As a result, he argues Lindo cannot not seek attorney's fees because fees can only be awarded in response to a pleaded request. Higginbotham further argues Lindo caused unnecessary delay in the litigation and that proof of greater earning potential of one spouse is not sufficient, in itself, to support an award of attorney's fees against that spouse.

As a general matter, parties to a domestic relations case are responsible for paying their own attorneys' fees. Bryant v. Bryant, 351 S.W.3d 681, 691 (Mo. App. E.D. 2011). Section 452.355.1, however, provides:

> the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees.

We presume an award of attorney's fees to be correct, and Higginbotham has the burden to prove otherwise on appeal. Bryant, 351 S.W.3d at 691. We review the trial court's decision to award attorney's fees for an abuse of discretion. Id. The trial court must consider all relevant factors in awarding attorney fees in a modification, including the financial resources of both parties, the merits of the case, and the actions of the parties during the pendency of the action. Scott v. Scott, 144 S.W.3d 921, 923 (Mo. App. S.D. 2004); Section 452.355, RSMo 2000.

10

However, the fact that one party earns more than the other, standing alone, does not compel an award of attorney fees. Id.

Higginbotham correctly points out that the party seeking attorney's fees must submit a pleading containing such a request. See, e.g., Riley v. Riley, 778 S.W.2d 666, 669 (Mo. App. W.D. 1989). "When a party attempts to introduce evidence outside the scope of the pleadings, the responding party is entitled to object to the expansion of the evidence in the trial, and it is within the court's discretion as to whether or not to permit that amendment." In re Marriage of Morris, 726 S.W.2d 505, 508 (Mo.App.1987). However, Lindo filed a motion for attorney's fees and litigation costs shortly after Higginbotham filed his motion to modify judgment as to spousal maintenance. Higginbotham did not object to the introduction of evidence supporting Lindo's request for attorney's fees at trial, and he cannot at this stage seek relief from this court. See id.

Furthermore, we cannot find that the trial court abused its discretion in awarding attorney's fees to Lindo. The trial court properly considered the financial position of each spouse. See, e.g. Bryant v. Bryant, 351 S.W.3d 681, 691 (Mo. App. E.D. 2011)("Here, there was evidence presented throughout the duration of this litigation of a significant discrepancy in the amount of income Husband earned and the amount Wife earned, and the resources available to each party. Thus, due to Husband's considerably higher income, he has a greater ability to pay attorneys' fees."). The evidence presented at trial revealed that Higginbotham's income far exceeded that of Lindo. Furthermore, the trial court considered the merits of the case. Since the trial court reduced but did not terminate maintenance, it clearly found some merit in the contentions of each party, and the positions taken by each party during the litigation were cited in the trial court's judgment. See, e.g. Winchester v. Winchester, 163 S.W.3d 57, 62 (Mo. App. S.D. 2005). Finally, the trial court considered the actions of the parties during the pendency of litigation, and we see no evidence on

11

the record that the delay in the date for trial was the result of any bad faith action on the part of Lindo.

Thus, based on the foregoing and after examining the record, we cannot say the trial court abused its discretion in ordering Higginbotham to pay $6,000 for Lindo's attorney's fees. Point III is denied.

**Conclusion**

The trial court's judgment reducing, but not terminating, Appellant's maintenance obligation, retroactive to February 2015, and awarding Respondent attorney's fees is affirmed.

_____
Lisa S. Van Amburg, Judge

Angela T. Quigless, P.J., and
Robert G. Dowd, Jr., J., concur.